JOSEPH H. BLATT *vs.* ANN McBARRON.

Suffolk.    November 21, 1893. — March 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Officer* — *Trespass* — *Defective Premises* — *Action.*

A constable who, for the purpose of serving a civil process, enters upon premises which he supposes are occupied by the person whom he is seeking, but which are occupied by another, who does not induce him to enter, is a trespasser if the person whom he seeks is not in fact there, and cannot maintain an action against the owner of the premises for personal injuries occasioned by a defect therein.

TORT, for personal injuries occasioned to the plaintiff, a constable of the city of Boston, by a defect in the defendant's premises, upon which he had entered for the purpose of serving a civil process. Trial in the Superior Court, before *Sherman, J.,* who directed the jury to return a verdict for the defendant; and, at the plaintiff's request, reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and the case to stand for trial. The facts appear in the opinion.

*E. Greenhood,* (*A. S. Cohen* with him,) for the plaintiff.

*E. N. Hill,* for the defendant.

BARKER, J. The plaintiff contends that he had a right to enter the defendant's building because he was a constable qualified to serve civil process and had in hand for service a writ against a person who, as he supposed, resided in the building, but who in fact did not live there, but in another house on the opposite side of the street, and who was not in the building which the plaintiff entered. The defendant was a stranger to the process which the plaintiff was undertaking to serve, and it is not contended that she had in any way induced the plaintiff to believe that the person against whom the process ran was in the building which the plaintiff entered, nor that he had ever been in any way connected with that building.

Under these circumstances we are of opinion that the plaintiff had no right to enter the defendant's building, and that in entering it he was a trespasser. This conclusion does not rest upon

the fact that the building was a dwelling, nor that the entrance to it was closed. It was in fact a tenement house, not occupied by the defendant but by tenants at will, and the entrance by which the plaintiff gained admission was not only open, but had no door. The plaintiff was a trespasser, because his office and his writ gave him no right to enter upon the property of a stranger, unless the person whom the writ directed him to serve with a summons either resided there or was actually in the building.

While it is for the public interest that officers charged with the duty of serving civil process should be clothed with such powers as will enable them to comply with their precepts, it yet is not necessary that they should have the right to enter any premises where they may suppose the person to be of whom they are in search; and if, without inducement from the owner or those in occupation, they see fit to enter a building where the person sought does not reside, they are properly held to do so at their peril, and if he is not in fact there they enter without right and as trespassers. In this respect their rights and powers are less than those of officers charged with the execution of warrants to arrest alleged criminals, or of those whose duty it is to arrest criminals without warrant. In such cases the officer may enter the house of a stranger and search there for the person named in his warrant, although that person is not there, if the officer has reasonable cause to believe that the person against whom he holds the warrant, or whom it is his duty to arrest without a warrant, is in the house. *Commonwealth* v. *Irwin*, 1 Allen, 587. *Commonwealth* v. *Reynolds*, 120 Mass. 190. *Parker* v. *Barnard*, 135 Mass. 116, 117. But there is a clear distinction, both upon principle and authority, between such cases and those in which officers charged only with the service of civil process invade the premises of strangers, which do not in fact shelter those of whom they are in search. In such cases they act at their own risk, and are justified or shown to be trespassers by the event. And such is the current of authority. Thus in *Biscop* v. *White*, Cro. Eliz. 759, trespass was brought for breaking the plaintiff's house. The defendant held a *fieri facias de bonis testatoris*, and, the plaintiff's house being open, entered to levy the debt. There were in the house *bona propria executricis*, not liable to execution,

but no *bona testatoris*, and the plaintiff had judgment; but if *bona testatoris* had been in the house, it was conceived that the plaintiff's entry would have been justifiable. So in Com. Dig. Execution (C. 5), it is said: "After a *fieri facias* delivered to him, the sheriff may enter the house of the defendant, when the door is open, and seize the goods of the defendant there found; or the house of a stranger; and this by night or by day, if the door be open. But if it be the house of a stranger he ought to aver that the goods were there." In *Cooke* v. *Birt*, 5 Taunt. 765, Gibbs, C. J. says: "Under a *fieri facias* the sheriff cannot, on suspicion of finding the defendant's goods, enter the house of a stranger. . . . The sheriff, finding the door open, may enter the house of a stranger, and is justified if the defendant's goods are in it, but it is at his own risk." And in the same case Dallas, J. says: "The sheriff may enter the house of a stranger, if the door be open, but it is at his peril whether the goods be found there or not; if they be not, he is a trespasser." So in *Johnson* v. *Leigh*, 6 Taunt. 246, the defendant's plea, averring only a suspicion that the person whom the defendant sought to arrest on mesne process was in the plaintiff's house, was held bad. And in *Morrish* v. *Murrey*, 13 M. & W. 52, it was held that an officer was not justified in entering and searching the house of a stranger for the purpose of arresting a debtor under a *capias ad satisfaciendum*, although the debtor had resided there before the entry, and the officer had reasonable cause to suspect that the debtor was there, if the debtor was not in the house at the time. See also *Semayne's case*, and notes in 1 Smith's Lead. Cas. (9th Am. ed.) 228, 234–245. In *Platt* v. *Brown*, 16 Pick. 553, 556, the officer had the right to break open the plaintiff's store for the purpose of attaching the goods of a third person, because the goods were in fact there.

As in our opinion the plaintiff was a trespasser upon the defendant's property, and had no lawful right or license of any kind to enter her building, there is no occasion to inquire whether the city ordinances stated in the report applied to the entrance where the plaintiff fell, or whether, if he had not been a trespasser, but had entered under license or of right, he could have recovered for his injuries under the doctrine held in the case of *Parker* v. *Barnard*, 135 Mass. 116. Nor whether, if he

had not been a trespasser, he could have been found to be in the exercise of ordinary care in entering a dark passage with which he was unacquainted, and walking forward until he fell down stairs.                                        *Judgment on the verdict.*