EDITH SPENCER, Plaintiff and Appellant, v. GEORGE
W. ROBERTSON, Executor of the Estate of LELA GORE,
Deceased, Defendant and Respondent.

No. 11382.
Decided Sept. 19, 1968.
445 P.2d 48.

Leo J. Kottas, Sr. (argued), Helena, for appellant.

Angland & Marra, Great Falls, Joseph R. Marra (argued),
Great Falls, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by plaintiff from an adverse judgment in a claim and delivery action. The case was tried in the district court of Cascade County before the Honorable R. J. Nelson without a jury.

The trial court held that plaintiff's claim failed for insufficiency of evidence and was barred by laches. We agree.

Plaintiff secured money from defendant's decedent, Lela Gore, to refinance a Lincoln automobile. By reason thereof, plaintiff became indebted to Lela Gore in the sum of $2,569.45. As evidence of this indebtedness, plaintiff gave Lela Gore her promissory note for $3,019.44 covering the principal sum plus interest, repayable in 24 equal monthly installments of $125.81 commencing October 20, 1959.

In addition, plaintiff executed two documents, one of which was entitled "Conditional Sales Contract" and the other denominated "Special Power of Attorney."

The "Conditional Sales Contract" and the promissory note were both contained in one document relating to the Lincoln automobile. It provided, among other things, that (1) title to the Lincoln would remain in Lela Gore until the note was paid in full, and (2) in case of default by plaintiff in any of the payments due on the note, Lela Gore could take possession of the Lincoln thereby terminating plaintiff's rights therein and could retain all payments previously made as liquidated damages.

The "Special Power of Attorney" gave Lela Gore the power to sign title transfer documents to the Lincoln on behalf of plaintiff.

Lela Gore credited plaintiff with payments on the note totalling $631.50. The last credit given was on April 21, 1960 covering partial payment of the February installment on the note. All payments were made by Harry Spencer who was plaintiff's husband at the time the indebtedness was created

but who was divorced by plaintiff shortly thereafter. The Lincoln was used extensively by Harry Spencer in his employment before the divorce and exclusively by him thereafter.

On July 26, 1960, Lela Gore took possession of the Lincoln from Harry Spencer, through the sheriff, based on her claim of right to do so by reason of plaintiff's default in payments due on the note. At this time the reasonable market value of the Lincoln was $2,200.00. Lela Gore subsequently sold her car to her sister at private sale for $2,300.00.

Plaintiff claims she was not delinquent in payments on the note at the time the Lincoln was taken by Lela Gore. She contends that Lela Gore deducted a total of $754.75 from the earnings of Harry Spencer at Don's Modern Builders and failed to credit this amount on the note as agreed. Had this sum been credited, the note would have been prepaid to August 20, 1960, and Lela Gore would not have been entitled to possession of the car on July 26.

On September 9, 1960, plaintiff filed suit against Lela Gore demanding recovery of possession of the Lincoln or its value together with damages. There was sporadic and intermittent activity on the suit for approximately four years during which time Lela Gore died. Subsequently the executor of her estate was substituted as defendant and the case was tried on June 5, 1967. Judge Nelson entered findings of fact, conclusions of law, and judgment for defendant. After denial by the court of plaintiff's motion to amend the findings, conclusions, and judgment, plaintiff appealed from the judgment.

Although plaintiff assigns several issues for review, the basic underlying issues can be reduced to two, summarized as follows: (1) What was the total amount paid on behalf of plaintiff on the note? (2) Does laches bar plaintiff's claim?

The trial court found that plaintiff was entitled to total credits on the note of $631.50 consisting entirely of payments by and credits to Harry Spencer. Plaintiff attacks this finding contending that the uncontradicted testimony of Harry Spen-

cer establishes additional payments by him on the note totalling $754.75. It is plaintiff's position that the trial court either (1) excluded this testimony under the so-called deadman's statute (section 93-701-3, R.C.M.1947, or (2) ignored it. In either event, according to plaintiff, the trial court committed error and its finding on payments cannot stand.

It must be noted that Harry Spencer's testimony is based on alleged direct transactions and oral communications with the deceased, Lela Gore. Rulings were reserved by the court on defendant's objections to the admissibility of this testimony under the deadman's statute. It cannot be determined from the record whether the trial court ultimately excluded this testimony or not.

We find it unnecessary to determine whether Harry Spencer's testimony as to direct transactions and oral communications with Lela Gore is inadmissible in evidence under the deadman's statute or not. Assuming, arguendo, that all of Harry Spencer's testimony is admissible, it does no more than create a conflict in the evidence as to total payments made on the note.

His testimony tends to prove that Lea Gore deducted an additional $754.75 from his earnings at Don's Modern Builders where she handled the books, wrote the checks, was his "boss," and generally operated the business; that she agreed to apply this amount on plaintiff's note; and that she failed to do so.

Harry Spencer's testimony is directly refuted by Lela Gore's answers to plaintiff's interrogatories given prior to her death. She states that "No monies owed to Harry Spencer by Don's Modern Builders were ever applied on the obligation owed by Edith Spencer to the defendant." This answer was read into evidence at the trial by plaintiff's counsel.

Additionally, written receipts signed by Lela Gore showing payments by Harry Spencer on the note in the total amount of $631.50 were introduced in evidence at the trial by plaintiff.

These written receipts showed payments on the dates, in the amounts, and credited to the particular monthly installments indicated by Lela Gore in her answers to plaintiff's interrogatories and as found by the trial court. No other receipts were produced nor was any explanation offered.

Finally, defendant introduced in evidence a written statement dated July 1, 1960, signed by Harry Spencer acknowledging that he had no monies due him from Don's Modern Builders. The explanation offered was that Harry Spencer signed this to avoid a lien by one of his creditors.

■ ■ The function of the Supreme Court is to determine whether there is substantial evidence to support the finding of fact of the trial court on the total payments made on the note. Eliason v. Eliason, 151 Mont. 409, 443 P.2d 884; White v. Nollmeyer, 151 Mont. 387, 443 P.2d 873; Bender v. Bender, 144 Mont. 470, 397 P.2d 957; Kyser v. Hiebert, 142 Mont. 466, 385 P.2d 90. This Court will not reverse the trial court's findings of fact unless there is a clear preponderance of the evidence against such findings. Eliason v. Eliason, supra; Studer Const. Co. v. Rural Special Impr. Dist., 148 Mont. 200, 418 P.2d 865; Duffie v. Metro. San. & Storm Sewer Dist., 147 Mont. 541, 417 P.2d 227; Kosel v. Stone, 146 Mont. 218, 404 P.2d 894; Larsen Farms v. City of Plentywood, 145 Mont. 509, 402 P.2d 410. There being substantial evidence to support the trial court's findings of fact as to payments on the note and no clear preponderance of the evidence against such finding, we will not disturb it upon appeal.

■ ■ No other findings of fact by the trial court is properly before us as an issue on this appeal. The case was tried in the district court on the twin issues of payments on the note and plaintiff's laches. No other objections to the findings or requests for additional findings on any other issue were made in the trial court. Upon appeal, this Court will consider for review only those questions raised in the trial court. Clark v. Worrall, 146 Mont. 374, 406 P.2d 822; State

Highway Comm'n v. Milanovich, 142 Mont. 410, 384 P.2d 752; State Highway Comm'n v. Yost Farm Co., 142 Mont. 239, 384 P.2d 277.

We hold, therefore, that there is sufficient evidence to support the trial court's findings, that these findings support the conclusion of law that plaintiff has failed to sustain her burden of proof in support of her claim, and that the findings of fact and conclusions of law of the trial court support the judgment.

While we believe that the trial court's holding is correct that plaintiff's laches also bar her claim for relief, it is unnecessary to discuss this issue in view of our holding on the first issue presented for review. We have examined the other issues assigned for review by plaintiff and find them wholly without merit.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, ADAIR and CASTLES, concur.