No. 12751

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

MARGARET STOVALL,

Plaintiff and Respondent,

-vs-

DEPARTMENT OF REVENUE OF THE STATE
OF MONTANA, formerly the STATE BOARD
OF EQUALIZATION of the STATE OF MONTANA,

Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants:

Terence B. Cosgrove argued, Helena, Montana

For Respondent:

Jack Burnett argued, Billings, Montana

---

Submitted: September 16, 1974

Decided: OCT 10 1974

Filed: OCT 10 1974

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court of Yellowstone County requiring the Department of Revenue of the State of Montana to refund to the plaintiff certain inheritance taxes paid upon the estate of her husband.

The sole issue is a legal question: Must a widow who renounces the provisions of her husband's will and exercises her statutory right of dower pay any Montana inheritance tax on the property she receives?

The facts leading up to this appeal were agreed upon by the parties and in essence are as follows: Respondent's husband, Orville R. Stovall, a Montana resident, died testate on November 14, 1963, and his will was probated in the district court of Yellowstone County. Respondent timely elected to renounce the provisions of the will and to take the benefits provided by section 22-107, R.C.M. 1947. Respondent paid a net Montana inheritance tax of $3,463.45. This tax was based on a reported distributive share in the amount of $91,595.74, of which $46,356.69 represented the dower property respondent received pursuant to section 22-107, R.C.M. 1947. The parties stipulated that respondent is entitled to a refund of $3,050.39 (the portion of the tax paid allocable to the dower property) if it is determined that dower property is not subject to the Montana inheritance tax.

The inheritance tax statute is section 91-4401, R.C.M. 1947, which in pertinent part provides:

> "Taxes on transfer--when and how imposed. A tax shall be and is hereby imposed upon any transfer of property * * *
>
> "(1) By a resident of state. When the transfer is by will or by intestate laws of this state from any person dying possessed of the property while a resident of this state." (Emphasis added)

The construction to be placed upon "intestate laws" is the heart of the controversy between the parties to this case.

- 2 -

Appellant takes the position that since a widow's right of dower is exercisable only at the time of her husband's death, it is a transaction within the meaning of "intestate laws". Respondent, on the other hand, contends that since dower interests arise at marriage, a widow does not take dower property as the heir of her husband but as one independently entitled to it on account of an inchoate right becoming absolute by operation of law.

Other jurisdictions disagree on this point. See, e.g., 42 Am.Jur.2d 366, Inheritance, Etc., Taxes, § 158. Representative of the cases holding dower subject to an inheritance tax is Billings v. People, 189 Ill. 472, 59 N.E. 798, 800, aff'd 188 U.S. 97, 47 L.Ed. 400, 23 S.Ct. 272. That court, at 59 N.E. 800, took the view that the taxing statute (covering property passing by will or "the intestate laws of this state") was very comprehensive and was designed to embrace all property passing from persons upon their death, except property otherwise exempt:

> "There are no laws of this state which are specifically designated as 'intestate laws,' * * * we have no doubt the laws referred to are those laws of the state which govern the devolution of estates of persons dying intestate, and include all applicable rules of common law in force in this state. * * * As a general rule, the property of persons dying passes in two ways, --that is, by will, or by descent in the modes provided by law; and when it does not pass by will it generally passes by law, --that is, by the law governing the disposition of property of persons dying intestate."

Typical of the line of authority holding dower not subject to an inheritance tax is Estate of Bullen, 47 Utah 96, 151 P. 533. The question posed in Bullen was whether dower interests passed by the "statutes of inheritance". The court answered at p. 535:

> "What the wife receives (under the statute) * * * she receives, not as an heir of her husband, but in her own right, something which belongs to her absolutely, and of which she could not have been deprived by will or by any other voluntary act of her husband without her consent. Under that section, she is not an heir within the meaning of our intestate or succession statutes."

While both of these arguments have their merits, we shall follow Billings as being the better reasoned approach to the problem before us. Notwithstanding Bullen's view of what are "intestate laws" insofar as the substantive rules of property law are concerned, we think our Legislature had more than that in mind when it inserted that term in the inheritance tax statute. That is, the Legislature thought of dower as a "law governing the disposition of property of persons dying intestate". Billings v. People, supra. Moreover, Bullen and the cases in agreement with it in our opinion fail to sufficiently take into account the state's ability to tax. We have no quarrel with the proposition that a husband cannot deprive his wife of either her inchoate or vested dower without her consent. But it does not necessarily follow that the state is similarly strapped. Inchoate dower can be eliminated simply by a repeal of the dower statute.

The result reached in Billings is readily supportable by our present law. In re Wilson's Estate, 102 Mont. 178, 56 P.2d 733, is significant. In Wilson, the widow-executrix was paid a total of $3,600 as a statutory living allowance. In preparing the final report on the estate, she claimed the $3,600 as an administration expense. The State Board of Equalization (predecessor of the Department of Revenue) objected on the ground the statutory living allowance was includable in the widow's exemption. Section 10400.4, R.C.M. 1921, now section 91-4414, R.C.M. 1947, gave the widow an inheritance tax exemption of $17,500, with the proviso that "Such exemption to the widow shall include all her statutory dower and other allowances". The widow maintained the living allowance was not property passing either by will or the intestate laws of the state and therefore it was not subject to the inheritance tax. In holding the widow's allowance subject

- 4 -

to the inheritance tax, the Court, at 102 Mont. 192, 193, stated:

> "It must be kept in mind that the only statu-
> tory allowances granted to the widow under
> any of our laws are her dower right, her home-
> stead right, and her family allowance.  The
> 1921 law specifically provided that the widow's
> dower and homestead rights should be included
> in her exemption set out in the Inheritance
> Tax Law * * * It is axiomatic that any bequest,
> devise or allowance going to the widow or any
> other person taking any part of the decedent's
> estate, passes only by statute, and it therefore
> follows that the family allowance, <u>or any other</u>
> <u>allowance, passing to one who takes part of the</u>
> <u>decedent's estate, takes by statutory authority</u>
> <u>and receives property by virtue of the statute.</u>"
> (Emphasis added)

In other words, a person who takes property under a statutory
allowance--or <u>dower</u>--takes by what the Legislature considers
"intestate laws".

Since the Legislature has insisted upon inclusion of
all statutory dower and other allowances in the exemption, it is
manifest that such amounts exceeding the exemption are subject
to the inheritance tax.  On this point, the Court in Wilson, page
192, said:

> "In Montana the widow is granted the very liberal
> allowance of $17,500, against which no inheritance
> tax is levied, and we believe that was all the
> legislature intended she should take tax free."

In view of the foregoing, the judgment of the district
court is reversed.

_____
                                                Chief Justice

We concur:

_Wesley Castles_

_John Conway Harrison_

_____

_____
  Justices

- 5 -