No. 13270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

_____

STEVE JOHNSTONE and JIM ALLISON,

Plaintiffs and Appellants,

-vs-

MYRNA SVEJKOVSKY,

Defendant and Respondent.

_____

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Murphy, Robinson, Heckathorn and Phillips,
Kalispell, Montana
Douglas D. Dasinger argued, Kalispell, Montana

For Respondent:

Brown, Pepper and Kommers, Bozeman, Montana
James M. Kommers argued, Bozeman, Montana

_____

Submitted: August 31, 1976

Decided: OCT 7 - 1976

Filed: OCT 7 1976

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This appeal arises from an action by plaintiffs for the return of money paid on a contract or, in the alternative, to have the contract declared null and void. Defendant counterclaimed. The district court, Gallatin County, found for defendant on her counterclaim and for attorney fees in the amount of $1,800.

Defendant Myrna Svejkovsky sold "all of her right title and interest in the business of the operation of the bar and related facilities at the V.F.W. Club of Bozeman, Montana" to plaintiffs Steve Johnstone and James F. Allison. Defendant purchased what is called an interest in the bar plus $2,000 for the inventory, on June 1, 1973. In the spring of 1974, she was approached by Johnstone and Allison to purchase that interest for the sum of $9,100 and it was sold to them on or about May 11, 1974.

Svejkovsky operated the V.F.W. Club bar, paid all expenses and kept the profits. Johnstone and Allison intended to run the bar in the same manner, but shortly after they purchased Svejkovsky's interest a representative from the Montana Liquor Control Board informed them that this arrangement with the V.F.W. Club would not be allowed to continue. Thereafter, Johnstone was hired as manager for the bar, for which he was to receive wages of $1,000 per month out of the profits of the bar, if there were any. When informed that they could not take all the profits, as Svejkovsky did, Johnstone and Allison tried to get their money back by filing this action.

Plaintiff appellants raised three issues on appeal:

1. Was the contract for such a sale illegal, as contrary to law?

2. Was the transfer of the liquor a sale prohibited by law?

3. Was defendant entitled to judgment for attorney fees in the amount of $1,800.

Appellants attack the trial court's finding of fact No. 5 which stated:

> "That the agreement between the plaintiffs and the defendant was not intended to transfer any interest in the liquor license owned by the VFW Club, nor did the said agreement require any acts that were illegal or against public policy."

Appellants argue that section 4-150 (now 4-1-201), R.C.M. 1947, provided in pertinent part:

> "Sale of liquor unlawful, when --- foreign substance in liquor forbidden---possession of liquor, when unlawful. (1) Except as provided by this Act, no person shall, within the state, by himself, his clerk, servant, or agent, expose or keep for sale, or directly or indirectly or upon any pretense, or upon any device, sell, or offer to sell, or in consideration of the purchase or transfer of any property, or for any other consideration, or at the time of the transfer of any property, give to any other person any liquor."

They also argue that section 4-420 (now 4-4-407), R.C.M. 1947, further prohibits the sale of any alcoholic liquor by any person not a licensee. In view of the fact that Svejkovsky did not own the license, the V.F.W. Club did, appellants argue the sale was in direct violation of express statutory provisions and illegal.

We find the factual portion of the court's findings valid for there was no real evidence introduced to offset

such findings by appellants. There was no testimony in support of their testimony that the Montana Liquor Control Board put an end to their arrangement with the V.F.W. Club.

The agreement made with Svejkovsky was originally drawn up by appellants' attorney and then submitted to Svejkovsky's attorney who made changes that appellants accepted without ever referring it back to their attorney to check. The testimony of Johnstone clearly indicates he knew what he was buying, investigated it before making a $4,000 payment, and that he intended to continue as Svejkovsky had until the legal question of the license arose. Further, immediately after the legal question arose he was hired by the V.F.W. Club to manage the club for about the same figure he would have made under the agreement with Svejkovsky.

This Court held in Hellickson v. Barrett Mobile Home Transport, Inc., 161 Mont. 455, 459, 507 P.2d 523:

> "* * * In examining the evidence, we must view the testimony in the light most favorable to the prevailing party. * * * However, while the presumption is in plaintiff's favor, he is also the appealing party and as such, the burden is upon him to overcome the presumption of the correctness of the trial court's findings of fact."

See also Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48.

Appellants' second issue challenges the finding that the transfer of interest in the liquor was a part of the business and not a sale prohibited by the law of the state. They argue that section 4-150, R.C.M. 1947, clearly prohibits the sale or transfer of liquor in consideration of the purchase or transfer of any property.

Under the facts of the instant case we have a bulk sale of the liquor on the shelves and not a retail sale for consumption as well as a sale of a management interest in the V.F.W. Club. Here Montana's law and liquor regulations provide a unique method to operate this type of club and it was possible for the court, within these laws and regulations, to note a distinction between the transfer of a license and the transfer of a business conducted under a license. We affirm the trial court's finding allowing the transfer as not one prohibited by law.

Appellants' third issue is directed to the award of attorney fees in the amount of $1,800. The issue was not contested at the trial and is raised here for the first time on appeal. Appellants contest the award of this amount by citing a recent decision of this Court, Crncevich v. Georgetown Recreation Corp., _____Mont._____, 541 P.2d 56, 32 St. Rep.963. This is not a case factually similar to Crncevich for here the respondent counterclaimed for attorney fees which was not contested by appellants before the trial court. This Court in Spencer v. Robertson, 151 Mont. 507, 511, 445 P.2d 48, said:

"Upon appeal, this Court will consider for review only those questions raised in the trial court."

See also Rule 7(a), M.R.Civ.P.

The judgment of the district court is affirmed.

John Conway Harrison
Justice

- 5 -

We Concur:

_James G. Harrison_
Chief Justice

_Wesley Castles_

_____
Justices.

Mr. Justice Haswell, dissenting:

I dissent. In my view, the contract is a subterfuge to avoid compliance with Montana's Liquor Control Act, hence illegal and should be declared void and unenforceable.

Section 4-410, R.C.M. 1947, provides in effect, that every person owning an interest in a retail liquor business must appear on the license. The contract which is the subject of this suit sells the right to operate a retail liquor business and retain the profits to an unlicensed person. If this subterfuge is permitted to continue, transfers of retail liquor businesses to uninvestigated and unlicensed operators would effectively remove control of retail liquor establishments from the Montana Liquor Control Board.

I believe this is contrary to the purpose of the Montana Liquor Control Act, a violation of the public policy of state control of retail liquor establishments, and therefore the contract in question should be declared illegal, void and unenforceable.

_____
Justice.