No. 13343

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

EDWIN G. JOHNSON and ALICE JOHNSON,
husband and wife,

Plaintiffs and Appellants,

-vs-

WILLIAM E. JOHNSON and RUTH N. JOHNSON,
husband and wife,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial
District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellants:

Ayers and Alterowitz, Red Lodge, Montana
Arthur W. Ayers argued, Red Lodge, Montana

For Respondents:

Robert F. Conwell, Red Lodge, Montana
Scribner and Huss, Helena, Montana
Lawrence D. Huss argued and Michael Maloney
appeared, Helena, Montana

---

Submitted: January 13, 1977

Decided: MAR 2 1977

Filed MAR 2 1977

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The district court of Carbon County, Hon. C. B. Sande, district judge, sitting without a jury, entered judgment decreeing a parol partition of property between two brothers. Plaintiff brother Edwin, who sought a statutory partition, appeals.

The property in question, consisting of eight government lots, is located about 2 1/2 miles southwest of Roberts in Carbon County, Montana. The father of the parties had acquired the farmlands from two separate sources during his lifetime. Prior to his death he deeded all the land to his two sons Edwin and William, the parties in the present litigation, as tenants in common.

The father died in August, 1957. Thereafter defendant William occupied and used lots 6, 14, 15 and 16 while Edwin occupied and used lots 1, 4 and 5. A controversy exists concerning lot 7. William claims that in 1957 the fence running through lot 7 was taken down and moved by him to what he thought was the boundary line between lots 4 and 7 and that he has occupied and used all of lot 7 exclusively since then. Edwin claims that since 1957 when the fence was moved, he has used lot 7 as pasturage whenever he wanted to without securing William's permission. The fence was moved again in 1972 because, according to William, Edwin did not think the prior location was fair to him.

Aside from the controversy over lot 7, Edwin and William have each resided and occupied the respective parcel of land that each was farming. Each owned his own livestock. Each pastured, tilled, irrigated, fenced and fertilized his respective parcel. Each paid the taxes on his own parcel. William paid the taxes on lot 7. Neither accounted to the other for the proceeds from his respective parcel. For an indefinite period of time, the two brothers shared the use of some of the farm equipment.

William had made substantial improvements on his residence and land.

The water rights, both decreed and contractual, were divided with each brother paying his share of the charges. The mineral rights were held in common and the proceeds from the leases divided.

In 1972 Edwin filed the present action seeking a statutory partition of the land. William was named as defendant and their respective wives were joined as parties for dower purposes. William filed an answer and counterclaim resisting statutory partition and claiming a parol partition of the lands in 1957.

Following trial, Judge Sande entered findings of fact and conclusions of law to the effect that the brothers had made a fair and equitable division of the property by parol partition in 1957, excepting mineral interests, and that Edwin had acquired lots 1, 4 and 5 thereunder and William had acquired lots 6, 7, 14, 15 and 16. Judgment was entered thereon in which Edwin's suit for statutory partition was dismissed.

Edwin appeals, assigning two issues for review:

(1) Sufficiency of the evidence to support the judgment of parol partition.

(2) Whether the wives of the parties must agree to a parol partition. Defendant William has injected an additional issue for review, viz. whether the statute of frauds bars an executed oral partition of the property.

We first direct our attention to the additional issue of the statute of frauds. We hold this is a non-issue in this case. The statute of frauds was not plead as an affirmative defense to William's claim of parol partition as required by Rule 8(c), M.R.Civ.P. As this issue was not raised in the district court, it will not be considered for the first time on appeal. Massa v. SRS, ____Mont.____, ____P.2d____, 34 St.Rep. 72, decided February

22, 1977; Pickett v. Kyger, 151 Mont. 87, 439 P.2d 57; Close v. Ruegsegger, 143 Mont. 32, 386 P.2d 739.

Proceeding to the question of sufficiency of the evidence to support a judgment of parol partition, we note the pertinent findings of fact of the district court expressed as follows:

> "That during the year 1957 each party hereto assumed possession of and exercised exclusive use and control over a separate, specific parcel of the whole property, paid taxes thereon and has ever since continued to do so, except for mineral interests which they continued to hold and lease as tenants in common."

The function of this Court on appeal is to determine whether there is substantial evidence to support this finding. Spencer v. Robertson, 151 Mont. 507, 445 P.2d 48. The credibility of the witnesses and the weight to be given their testimony is a matter for the district court's determination in a nonjury case. Hellickson v. Barrett Mobile Home Transp., 161 Mont. 455, 507 P.2d 523; Eliason v. Eliason, 151 Mont. 409, 443 P.2d 884. In determining whether the evidence supports the findings and judgment, the evidence must be viewed in the light most favorable to the prevailing party in the district court. Strong v. Williams, 154 Mont. 65, 460 P.2d 90.

Applying these principles we find that the evidence, though conflicting in some respects, is sufficient to support the judgment of parol partition. There are four separate elements of proof substantiating the fact of parol partition: (1) The actual physical partition between lots 4 and 7, (2) the separate improvements by William on his parcel without contribution or assistance by Edwin, (3) the separate operation by each brother of his respective parcel with no accounting to the other of the proceeds, and (4) the payment of taxes by each brother on his respective parcel. Additionally there was at

least a tacit acquiescence by Edwin in all this and his acceptance of the benefits of the division.

Edwin points out that there was no partition of the mineral interests in the land in support of his contention that there was no parol partition. This is of no consequence, however, as land may be partitioned without partitioning some interest therein such as mineral rights. 68 C.J.S. Partition, Sec. 4, p. 10; Updike v. Smith, 378 Ill. 600, 39 N.E.2d 325.

The final issue is whether the wives of the brothers must agree to the parol partition to make it effective. The evidence discloses that Edwin's wife denies that she agreed to any parol partition and that William's wife could not remember being a party to any such agreement.

In 1957 when the parol partition occurred, each wife had a dower interest in her husband's land. This dower interest was inchoate and would not ripen into a vested or accrued right until the death of her husband. Section 22-101, R.C.M. 1947. Until that time, her dower interest was but an expectancy which might or might not develop into an interest in the land itself. Thus her participation or agreement in the parol participation was not required. Had she survived her husband and thus acquired an interest in the land itself, the binding effect of the parol partition on her might be subject to question but that is not this case. Both parties and their wives were living on July 1, 1975, the effective date of the Uniform Probate Code abolishing dower rights in Montana. Section 91A-2-112, R.C.M. 1947. By this enactment, the legislature removed this expectation of a vested right in the land. Stovall v. Dept. of Revenue, 165 Mont. 180, 527 P.2d 62.

The district court's further finding that the parol partition was a fair and equitable division of the property was

likewise supported by substantial evidence. The assessed value of Edwin's parcel of property was $4,798 and William's was $4,595, while the respective acreages were 120.45 for Edwin and 138.76 for William.

The judgment of the district court is affirmed.

_Frank I. Haswell_
Justice

We concur:

_Jane B Hatfield_
Chief Justice

_Gene B Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices