MR. JUSTICE SHEA
delivered the opinion of the Court.
The husband appeals from a judgment of the District Court, Still-water County, awarding certain property to the wife in a property distribution decree following dissolution of marriage.
The husband raises several issues relating to the Uniform Marriage and Divorce Act and further claims the court failed to consider several factors in making its award of the marital property. One of the issues under the Uniform Marriage and Divorce Act is his claim that the court did not consider the wife’s inheritance as a marital asset. Because the District Court was not specific in its disposition of the inheritance, we are compelled to reverse and remand for a hearing on the disposition of the inheritance. As to his remaining contentions, we find no error.
First, we will discuss the various other issues raised by the husband, and discuss last the issue of the wife’s $200,000 inheritance.
Both the husband and wife were granted a divorce by the court on October 23, 1974. A trial on property disposition was held December 9 and 10, 1975. The court issued findings of fact, conclusions of law and order apportioning the marital property on January 19, 1976.
*543 The husband contends the correct law under which the court divided the property was that which existed at the time the trial was held on that matter, and hence prior to the effective date of the Uniform Marriage and Divorce Act in Montana, January l, 1976. However, section 48-341, R.C.M. 1947, of that Act, states:
“(2) This act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered * * *
“(4) In any action or proceeding in which an appeal was pending or a new trial was ordered prior to the effective date of this act, the law in'effect at the time of the order sustaining the appeal or the new trial governs the appeal, the new trial, and any subsequent trial or appeal.”
Here, the trial court did not enter judgment on the property division until January 19, 1976, eighteen days after the effective date of the Uniform Marriage and Divorce Act. Section 48-341(4) of that Act specifies the exclusive circumstances under which an action would fall under pre-existing law — cases in which a judgment has already been entered or a new trial ordered. Subsection (4) plainly does not apply to this case as a judgment had not been entered when the Uniform Marriage and Divorce Act went into effect. We might add, however, that in the area of property division, the Uniform Marriage and Divorce Act provisions are similar to case law predating that Act. Biegalke v. Biegalke, 172 Mont. 311, 564 P.2d 987, (1977). Therefore the husband lost no substantial rights by coming under the Uniform Marriage and Divorce Act.
The basis for dividing property upon dissolution of marriage is set out in section 48-321, R.C.M. 1947. It provides in relevant part that the court:
“* * * without regard to marital misconduct, shall, * * * finally equitably apportion between the parties the property and assets belonging to either or both however and whenever acquired, and *544 whether the title thereto is in the name of the husband or wife or both. * * *” (Emphasis supplied.)
The statute also sets out factors which the court must consider in the apportionment of the property, including:
“* * * amount and sources of income * * * needs of each of the parties [and] whether the apportionment is in lieu of or in addition to maintenance * *
Concerning property acquired by either spouse before marriage or by gift, bequest, devise or descent, the statute provides the court shall:
“* * * consider those contributions of the other spouse to the marriage * * * the extent to which such contributions have facilitated the maintenance of this property and whether or not the property disposition serves as an alternative to maintenance arrangements.”
The husband asks this Court to disregard the specific language of the statute prohibiting consideration of marital misconduct in distributing marital property. The statute expressly forbids a considerationof marital misconduct in apportioning the marital estate. Since the intent is clear we take the statute as we find it. In the Matter of West Great Falls Flood Control and Drainage District, 159 Mont. 277, 287, 496 P.2d 1143 (1972). It is equally clear that the husband would fare no better under the law pre-existing the Uniform Marriage and Divorce Act. Before that Act, “fault” was considered only in the context of a party’s right to alimony and could not be the basis for depriving either party of property interests upon divorce. Johnson v. Johnson, 137 Mont. 11, 17, 349 P.2d 310 (1960).
The husband also contends that the wife quitclaimed certain property to him before the dissolution of the marriage and accordingly, the court should not consider that property as part of the marital estate. He claims it was the intent of the wife to deliver the property to him and this was manifested by the execution, delivery, and filing of the deeds. However, section 48-321 provides that a district court may equitably divide property “however and when *545 ever acquired” and therefore the question of title is not controlling. This was also the law before the enactment of the Uniform Marriage and Divorce Act. LaPlant v. LaPlant, 170 Mont. 155, 551 P.2d 1014, (1976); Downs v. Downs, 170 Mont. 150, 551 P.2d 1025,(1976); Cook v. Cook, 159 Mont. 98, 102, 103, 495 P.2d 591 (1972).
The husband contends the prospective assets and liabilities of the parties should be considered in a property division. While it is true that section 48-321 requires the court, among other things, to consider “the opportunity of each for future acquisition of capital assets and income”, here there was no sufficient foundation established for the reasonable likelihood of acquiring future assets. As to future debts or liabilities of the parties, such evidence is normally too speculative, and in this case there was no reliable evidence by which the court could determine future liabilities. For the same reason, we cannot consider the possibility the wife will receive an inheritance from her mother sometime in the future.
Because of the ambiguity of the District Court’s findings on the wife’s inheritance of $200,000 before the dissolution of the marriage, we are compelled to remand the cause for a hearing and specific findings. It is clear under section 48-321, “property and assets belonging to either or both however and whenever acquired”, that the $200,000 inheritance was properly an asset of the marital estate at the time of dissolution. The husband contends since the wife was awarded the entire $200,000 inheritance, that he should have received a corresponding benefit from the remainder of the marital property.
In his findings the trial judge noted that the wife did have an inheritance of $200,000. However, the judge failed to dispose of that inheritance in any way which would clearly show his intent. The order of distribution listed certain property awarded to the wife, and the remainder of the husband. Since the wife was not specifically awarded the $200,000, it could be argued the husband was to receive the $200,000 inheritance of the wife. But there is no evidence the husband asked for all or any portion of the wife’s inherit *546 anee. Neither is there any indication from the evidence, findings and conclusions that the court intended to award all or any portion of the wife’s inheritance to the husband. Moreover, on appeal to this Court both parties treat the inheritance as having been awarded to the wife.
The confusion indicated by the record and the position of the parties can only be resolved by a rehearing on the issue of the inheritance. We stress here that, as in all decrees of property distribution, there is no definite formula that must be followed and each case must be treated on an individual basis. Biegalke v. Biegalke, supra.
The wife contends the decree should be modified so that property awarded to her can be taken from the husband’s indirect control. This is a matter for the District Court to consider upon remand of this case, and it need not be discussed here. The wife also contends the judgment should be set aside because the record did not disclose the true net worth of the husband. She did not cross-appeal on this issue, but raised it for the first time in her brief on appeal. Accordingly, she is precluded from raising this issue on appeal. Johnstone v. Svejkovsky, 170 Mont. 504, 554 P.2d 1329, (1976); Spencer v. Robertson, 151 Mont. 507, 511, 455 P.2d 48 (1968).
We vacate the judgment of the district court and remand it for further proceedings consistent with this Opinion.
MR. CHIEF JUSTICE HATFIELD and JUSTICE HASWELL concur,