OLIVER J. LUOMA AND EDWIN S. LUOMA, PLAINTIFF AND RE-
SPONDENT, *v.* ALVIN W. DONOHOE, DEFENDANT AND APPEL-
LANT.

No. 14067.
Submitted Sept. 12, 1978.
Decided Dec. 27, 1978.
Rehearing Denied Jan. 19, 1979.
588 P.2d 523.

Gough, Shanahan, Johnson & Waterman, Ward A. Shanahan argued, Helena, for defendant and appellant.

Hibbs, Sweeney & Colberg, Maurice R. Colberg, Jr., argued, Billings, for plaintiff and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This is an appeal by defendant Donohoe from the District Court's denial of a motion for summary judgment.

On August 3, 1973, plaintiffs Luoma filed a complaint seeking an injunction and damages. Defendant answered and counterclaimed on October 5, 1973, seeking a decree granting him an easement and damages. Trial before the Honorable A. B. Martin, sitting without a jury, was held on May 6, 1977. The District Court issued its findings of fact, conclusions of law, judgment and decree on June 30. On August 25 the District Court filed amended findings of fact, conclusions of law, judgment and decree.

Defendant's two parcels of land are connected by a well-defined roadway which runs across plaintiffs' land. The road between the upper and lower Donohoe parcels has existed since before the land was homesteaded and has been used for many years to cross the Luoma ranch with vehicles, farm machinery, livestock, and on horseback. It has also been used by defendant for access to an irrigation ditch he maintains. During the summer of 1973, defendant trailed cattle and drove a vehicle across plaintiffs' land, damaging their alfalfa crop. Plaintiffs, after conferring with counsel, wrote a letter to defendant terminating his "permission" to cross the land and locked the access gates at the boundaries of their property. Defendant subsequently broke the locks and continued to pass over the property.

A sketch follows of the road and properties involved in this dispute:

An outline of the chain of title involved in this dispute follows:

PLAINTIFFS

| | |
|---|---|
| Oliver and Edwin Luoma | 1963-present |
| John and Ellen Luoma | 1930-1963 |
| Sanfrid Renlund | 1909-1930 |

DEFENDANT

| | |
|---|---|
| Alvin West Donohoe | 1960-present |
| Carter Donohoe | 1941-1960 |
| George Crawford | 1933-1941 |
| Fay & Irwin Clark (lease) | 1936-1941 |

D. B. Saunders (lease) : . . . . . . . . . . . . . . . . . . . . . 1933-1936
Swan Youngstrom . . . . . . . . . . . . . . . . . . . . . . . . . . 1904-1933

Defendant raises the following issues on appeal:

1. Whether defendant is entitled to an easement by prescription on the trail over plaintiffs' land?

2. Whether the District Court erred in finding that defendant committed an intentional trespass and in awarding damages to plaintiffs?

Defendant's first issue is controlling.

Defendant argues (1) that plaintiffs had the burden of proving defendant's use permissive and failed to sustain that burden; (2) that permission, if it existed in the past, is not transferable; and (3) that defendant's use of the road was "open, notorious, adverse, continuous, and uninterrupted" for more than five years and had thus ripened into an easement by prescription.

Plaintiffs answer (1) that defendant has the burden of proving an easement by prescription and has failed to sustain it; (2) that use of the road by other landowners, prior and current, has always been permissive and that this permissive use extended to defendant; and (3) that there have been a number of routes over plaintiffs' land, not just the one asserted by defendant.

This Court has long held that a party claiming to have acquired an easement by prescription must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period. See *Scott v. Jardine Gold Min. & Mill Co.* (1927), 79 Mont. 485, 257 P. 406.

"Where the claimant has shown an open, visible, continuous, and unmolested use of the land of another for the period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, and not by license of the owner. In order to overcome this presumption, thereby saving his title from the encumbrance of an easement, the burden is upon the owner to show that the use was permissive . . ." *Glantz v. Gabel* (1923), 66 Mont. 134, 141, 212 P. 858, 860.

An "exclusive" use means that the claimant's right to use the right-of-way is independent of a like right-of-way in another. *Scott v. Weinheimer* (1962), 140 Mont. 554, 374 P.2d 91. "[T]he general rule is that the use of the road by another will generally be regarded as permissive where such use does not injure or interfere with the owner's use." *White v. Kamps* (1946), 119 Mont. 102, 115-16, 171 P.2d 343, 349. Before a permissive use can ripen into prescriptive right, there must be a "distinct and positive assertion by the dominant owner of a right hostile to the owner of the servient estate." *Drew v. Burggraf* (1963), 141 Mont. 405, 410, 378 P.2d 232, 234. The presence of gates, jointly maintained in this case, is generally considered to be strong evidence of a mere personal license to pass over a right-of-way. *Cope v. Cope* (1971), 158 Mont. 388, 493 P.2d 336. However, defendant points out that the presumption attending the presence of gates has only been applied to roads used, in effect, by the general public.

Defendant's argument that permissive use is not transferable is supported by authority. In *Cope* the party arguing that he had an easement by prescription over a certain road wished to assign his right to pass over the road to others. This Court found that his use of the road was permissive and personal, "and accordingly, plaintiff may in no way whatsoever transfer or assign his limited personal right or license to use the road to any other person or persons."

In finding that permissive use is not transferable, the amount of evidence this Court must consider is substantially reduced. Whether this Court considers all matters suggested by the parties or limits its consideration to defendant's use since acquiring the property in 1960, the scope of review is well established.

"The function of the Supreme Court is to determine whether there is substantial evidence to support the finding of fact of the trial court . . . This Court will not reverse the trial court's findings of fact unless there is a clear preponderance of the evidence against such findings . . ." *Spencer v. Robertson* (1968), 151 Mont. 507, 511, 445 P.2d 48, 50.

There was considerable evidence introduced by plaintiffs

supporting their position that the use of the road was and always has been "permissive". Summarized, that evidence was:

1. Testimony of a number of witnesses indicates that use of the trail has always been permissive:

(a) Dr. Clarence Youngstrom, son of Swan Youngstrom, overheard a phone conversation on May 4, 1917, in which his father received permission from Sanfrid Renlund to use an alternate route;

(b) A similar conversation was witnessed by Dr. Youngstrom on September 20, 1929;

(c) Different routes were used from time to time; and

(d) At Swan Youngstrom's funeral in 1932, Dr. Youngstrom talked with John Luoma about using the road.

2. Peter Boggio, 85, lived in the area from 1902 through 1922 and testified that various routes had been used to cross plaintiffs' land.

3. Fay and Irwin Clark asked for permission to cross the Luoma land when they were leasing the ranch.

4. D. B. Saunders, according to his son, obtained permission to use the land from John Luoma.

5. Within two years of buying the ranch in 1941, Carter Donohoe asked John Luoma for permission to cross the land.

6. Omer Idso, retired minister, helped Carter Donohoe trail cattle across the land in 1956 or 1957 and was told it was with "permission."

7. The instances since 1960 when Alvin West Donohoe acquired the ranch include:

(a) In 1969 at plaintiffs' request defendant moved the gate at the lower end of the trail;

(b) After church in 1969 plaintiffs asked defendant to take another route and he did;

(c) Defendant never orally claimed a right to pass over the land until 1973; and·

(d) Repair of the trail in 1966 was for plaintiffs' own benefit.

We find there was substantial evidence before the court justifying the finding that the use by defendant and his predecessors was permissive. It began as a permissive use and continued as such until 1973 when defendant asserted a right hostile to plaintiffs who immediately filed this suit.

The second issue stems from plaintiffs chaining and locking a gate maintained by defendant. Defendant asserts he had no choice other than attempting to protect his right and continue to use the road. Under these circumstances, defendant denies that his actions were an "intentional trespass" and that the court should not have awarded damages to plaintiffs. Plaintiffs do not specifically address this issue.

We find the District Court was correct in ruling that defendant failed to prove that the use of the road was not permissive. Ordinarily a defendant is liable for trespass even though he has acted in good faith, believing he has the legal privilege of entry. *Blatt v. McBarron* (1894), 161 Mass. 21, 36 N.E. 468.

The judgment is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and SHEEHY concur.