## COOK v. COOK

No. 79-27.
Nov. 7, 1980.

MR. JUSTICES SHEEHY and DALY dissenting:

What does Alfred Cook hope to accomplish by this appeal? He hopes to receive a portion of Vivian's inheritance. He recites in his brief:

"Thus, Vivian's inheritance, received during the pendency of her marriage to Al, was a marital asset to be apportioned equitably as required by 48-321, R.C.M. 1947-40-4-202, MCA. It should also be noted that this section also requires a valuation of the wife's estate at the time of the divorce, even though a portion of the estate may be subject to distribution by her death."

What inheritance of the wife is Alfred Cook talking about? Under the terms of the probated Will of Ada Smith, the grandmother of Vivian Cook, Ada Smith left her residuary estate to her son, Hugh C. Smith, during his natural life, and upon his death to his five children, including Vivian Smith Cook, the respondent here.

We are told that the total estate has a value of between $1 to $2 million and it is obvious that Vivian's share is one-fifth of whatever value the estate may eventually have, *presupposing that Vivian Cook outlives her father Hugh C. Smith*. At the time of the dissolution of the marriage, and the order of the court dividing the property, although Vivian Cook was the vested remainderman in a one-fifth interest in the estate, subject to the life estate of her father, she has absolutely no right in the estate until his death and if she predeceases her father, her share will descend to her children by virtue of other provisions in the Will of Ada Smith.

By any ability that we have to judge, the value of her remainder estate *at the time of the dissolution of the marriage* was nil. She had

no right to dispose of any of the underlying assets comprising the remainder estate unless she had met someone who had recently purchased the Brooklyn Bridge.

This is not a case which requires the application of section 40-4-202, MCA, regarding the factors to be considered by the court in the determination of a fair division of property. The reason is that in this case, the parties had stipulated between them as to the respective spouses to whom their items of property would go.

In *Morse v. Morse* (1977), 174 Mont. 541, 571 P.2d 1147, 34 St.Rep. 1334, this Court stated that the possibility of receiving future monies by a spouse could not be considered by the court and specifically the court refused to consider the possibility that the wife would receive an inheritance from her mother sometime in the future.

The District Court specifically found in finding of fact no. 13 that "the respondent has made no contributions which have facilitated maintenance of the properties subject to the life estate of Hugh Smith and the remainder interest of the petitioner." The value of the remainder interest therefore, if it had any, was quite beside the point. The District Court did Alfred Cook a favor when it provided that the wife should receive no maintenance from Alfred Cook in view of her possible remainder interest.

The remaining unvalued items are a china closet, household furnishings and corporate stock which was awarded to Alfred Cook. His dissatisfaction arises, if we may believe his brief, from the situation that "here the wife's inheritance may exceed the worth of all other material assets combined and it is certainly a major asset whether it is considered a marital asset or part of her estaste. Thus, 'to deny the husband a share of the wife's inheritance would stand on the same footing as denying the wife a share of the large sum in windfall profits from the husband's business or investments acquired just prior to the divorce.' " Alfred Cook's premise is groundless. He may not count a marital asset a future conditional interest not in the possession of his wife at the time of the marital dissolution. The majority has failed to grasp at this point.

The futility of remand here is manifest. The District Court on reconsideration will assign a minimum value to the future interest, award that future interest to the wife because it has no other legal option and provide that such future interests shall be in lieu of maintenance for the husband. We have assigned to the District Court the performance of a useless task.

Under Rule 52(a), M.R.Civ.P., the findings of the District Court should not be set aside unless clearly erroneous. We do not see any error in the way this matter was handled by the District Court, in view of the stipulation that the parties adopted respecting the distribution of the property. A factor which makes the decision of the majority seem even worse is that Alfred Cook made no effort to bring before the District Court a valuation of the future interest, although he now complains that the District Court made no such valuation. This is the trial testimony from Alfred Cook respecting that point:

"Q. Did you obtain an appraisal of the property that is covered by the future interest?. A. I did not.

"Q. And what was the reason for not obtaining the appraisal? A. Really, when this first started, I saw no need for it, and the provisions and what was promised by me, I didn't see any need for an appraisal. Later, I could see no need for it and probably because of the expense, it was not deemed unnecessary to have it appraised as that is not what is important."

The position of the majority in this case is inexplicable. We would affirm on all counts.