No. 84-230

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF

WILLIAM R. MORSE,

       Petitioner and Appellant,

   and

BETTY J. MORSE,

       Respondent and Respondent.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Stillwater,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Graybill, Ostrem, Warner & Crotty; Leo Graybill, Jr.,
      Great Falls, Montana

   For Respondent:

      Stephens & Cole; Robert L. Stephens, Jr., Billings,
      Montana

_____

Submitted on Briefs: May 23, 1985

Decided: August 20, 1985

Filed: AUG 20 1985

_____

Ethel M. Harrison

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This proceeding is before this Court a second time. In Morse v. Morse (1977), 174 Mont. 541, 571 P.2d 1147, this Court remanded because of an ambiguity concerning the District Court's distribution of $200,000 inherited by the wife several months prior to dissolution of marriage. On remand the inheritance was distributed to the wife.

We affirm.

The parties were married in 1945. They have five children, all of whom have reached the age of majority. Neither the husband nor the wife had substantial assets at the time of marriage and the earnings of both were used for support of the family. The parties lived in several areas but eventually their activities centered in Absarokee, Montana. They had an insurance business there. The husband graduated from law school and returned to Absarokee where he became a partner in the wife's father's real estate business. He also set up a law office. During the next several years the wife assumed the responsibility of mother, homemaker, and part-time worker in the law office.

In the early 1960s, the family moved to England except the husband continued his business in Absarokee. The husband would visit in England regularly and the family would visit in Absarokee during the summers.

The parties' marriage relationship deteriorated and in 1972 the husband petitioned for dissolution. The marriage was dissolved on October 23, 1974. In August 1974, a few months prior to the dissolution, the wife's father died. The wife inherited $200,000 at that time.

A trial on distribution of the marital property was held December 9, 1975. The District Court issued an order apportioning the marital estate on January 19, 1976. That matter was appealed to this Court and resulted in Morse v. Morse (1977), 174 Mont. 541, 571 P.2d 1147.

In Morse, we determined that the $200,000 inherited by the wife was properly to be included as an asset of the marital estate. Morse, 571 P.2d at 1149. We remanded the matter because of ambiguity concerning the District Court's distribution of this asset.

On remand the District Court reconsidered certain evidence on valuation of the marital estate assets. It placed a value on assets not valued by the District Court in the initial proceeding. It then concluded that the original distribution of the assets and liabilities in the marital estate would not be affected and noted that the only new distribution of assets was the $200,000 inheritance awarded to the wife.

The issue on appeal is whether the District Court erred in reconsidering asset valuation evidence and including certain additional property and new values in the marital estate and in distributing the $200,000 inheritance to the wife.

We note at the outset that the disposition of a marital estate is governed by section 40-4-202, MCA, and is largely within the discretion of the District Court. In Re the Marriage of Krum (1980), 188 Mont. 498, 503, 614 P.2d 525, 527. This Court will not disturb the decision of the District Court absent a clear abuse of discretion. Krum, 614 P.2d at 527. The test for abuse of discretion is whether the trial court acted arbitrarily without the employment of

- 3 -

conscious judgment or exceeded the bounds of reason. Krum, 614 P.2d at 527. However, on remand the discretion of the District Court is limited by this Court's instructions as to the extent of the matters to be addressed on remand and also by the law of the case.

The appellant argues that the "law of the case" precluded the District Court from addressing any matter other than the distribution of the inheritance. We disagree. In Morse, this Court remanded for a hearing and specific findings on the disposition of the inheritance. It is clear that such resulting disposition would require placing the inheritance in a perspective with all of the marital estate assets and liabilities. It was proper for the District Court to reconsider the prior valuation and distribution to the extent necessary to allow the District Court to inform itself of the total marital estate as previously determined and the proper equitable apportionment thereof. We also note that the appellant, who now raises the issue of reconsidering asset valuation, moved to disqualify the original presiding judge who was familiar with the case. This procedure resulted in a substitute judge and created a practical necessity of reconsidering certain matters to fully understand the previous proceeding.

Our opinion in Morse v. Morse (1977), 174 Mont. 541, 571 P.2d 1147, held that there was ambiguity in the District Court's findings as to the inheritance. This Court ordered rehearing and an equitable apportionment. It was impracticable for the District Court to make equitable apportionment without fully determining the nature of the marital estate.

We affirm.

_____William E Hunt_____
                Justice


We Concur:

_____J. A. Turnage_____
          Chief Justice

_____Frank B Morrison_____

_____

_____L. C. Gulbrandson_____
              Justices

- 5 -