JUSTICE NELSON
dissenting.
I respectfully dissent from the Court’s opinion in this case. I would hold that the Rettigs’ use of the road was adverse; that the Kallevigs failed in their burden to establish permissive use; and, thus, that the Rettigs did have a prescriptive easement over the Kallevigs’property.
As the Court’s opinion correctly states, a claim to an easement by prescription may be defeated by the landowner demonstrating that the claimant’s use was with the landowner’s permission. Rathbun v. Robson (1983), 203 Mont. 319, 322, 661 P.2d 850, 852. While the Court also correctly states that permissive use is not transferrable, Luoma v. Donohoe (1978), 179 Mont. 359, 363, 588 P.2d 523, 525, it then ignores that principle and the record in this case to reach the incorrect conclusion that “the permissive use initially contemplated by DeRudder and Englert continued without substantial change, modification, or hesitation until 1995.”
Contrary to this assertion, a substantial change did occur in that Englert sold his property to the Rettigs in 1983. Although Englert’s use of the road was with the express permission of DeRudder, the testimony at trial showed that the Rettigs and DeRudder never discussed the use of the road that crossed DeRudder’s property. Englert and Huyser testified that when the Rettigs, as prospective buyers, came to inspect Englert’s property, they informed the Rettigs that the easement was permissive. This, however, did not make the Rettigs’use of the road permissive. As we have already stated, Englert could not give someone else the right to permissively use DeRudder’s property; permission is not transferrable. Luoma, 588 P.2d at 525. Moreover, evenif DeRudder made Englert his agent to advise the Rettigs of DeRudder’s intent to make the Rettigs’use permissive (and there is absolutely no evidence that he did), the agency failed because it was not in writing. See §§ 28-2-903, 28-10-201 and 28-10-203, MCA; Palin v. Gebert Logging, Inc. (1986), 220 Mont. 405, 407, 716 P.2d 200, 202.
Regardless of Englert’s use of the roadway being permissive, such use could not, as a matter of law, nor was it in this case, as a matter of fact, transferred to the Rettigs. Rather, the Rettigs’ claim of prescriptive use of the roadway must stand or fall on its own. We must look strictly at the conduct between the Rettigs and DeRudder to *198 determine whether the Rettigs established a prescriptive use or whether that claim was defeated by DeRudder’s grant of permission.
In this regard, it is undisputed that DeRudder did not expressly grant or deny permission for the Rettigs to use the roadway. Rather, DeRudder, at the most, merely acquiesced in the Rettigs’ use of the road. “Implied acquiescence is not the same as permission.” Cremer v. Cremer Rodeo Land and Livestock Co. (1981), 192 Mont. 208, 211, 627 P.2d 1199, 1201. Acquiescence means “passive conduct on the part of the owner of the servient estate consisting of failure on his part to assert his paramount rights against the invasion thereof by the adverse user. ‘Permission’ means more than mere acquiescence; it denotes the grant of a permission in fact or a license.” Cremer, 627 P.2d at 1201 (citations omitted). Clearly, DeRudder, by failing to assert his rights, merely acquiesced in the Rettigs’ use of the road and did not give the necessary “permission in fact or a license” that would be sufficient to defeat the Rettigs’ claim of adverse use.
Moreover, if Englert’s testimony was credible, as the District Court found and as Kallevigs argue, then as early as 1983, when the Rettigs negotiated for the purchase of their property, Englert put DeRudder on notice that the Rettigs claimed a prescriptive use of the road. Once that happened, DeRudder was obligated to take some affirmative action to advise or to show the Rettigs’ that their claim of adverse use was incorrect and that they were privileged to use the road over his property only with his permission. See Cremer, 627 P.2d at 1201. Without citing any supporting authority, the Court incorrectly holds that DeRudder “was effectively without notice that Rettigs considered their use of the road adverse to his ownership rights, and was under no compulsion, legal or otherwise, to assert his right of ownership and clarify that use of the road was permissive only.” That is not the record in this case, nor is it the law.
The Rettigs were under no duty to communicate to DeRudder that they were using the road under a claim of right, adverse to DeRudder. Warnack v. Coneen Family Trust (1996), 278 Mont. 80, 923 P.2d 1087, 1089 (citing Tanner v. Dream Island, Inc. (1996), 275 Mont. 414, 425, 913 P.2d 641, 648).
[Allthough the plaintiffs bear the burden of establishing that their claim is known to and acquiesced in by the owner, they need not specifically notify the servient landowners that they are using the easement under a claim of right.
Warnack, 923 P.2d at 1089. Moreover, the Rettigs’ open, notorious, and hostile acts (daily use of the road as the sole means of ingress to *199 and egress from their property; treating the road as if it were their own by installing a cattle guard and a culvert and spreading gravel on the road; and never seeking DeRudder’s permission to use the road) were inconsistent with DeRudder’s title to the road and were more than sufficient to constitute notice to DeRudder. Lemont Land Corp. v. Rogers (1994), 269 Mont. 180, 185, 887 P.2d 724, 728.
The Court holds, again without citing any supporting authority, that a landowner may determine “that any owner of a particular parcel of property be allowed to use a roadway over his property; the identity of the permitted user may change without running afoul of the rule regarding non-transferability of permissive use.” This statement is in direct contradiction to the rule that permissive use is not transferrable and is incorrect.
Moreover, the Court states that “periodic, express grants of permission are not required to maintain the permissive character of the use of a road.” For this proposition the Court cites White v. Kamps (1946), 119 Mont. 102, 171 P.2d 343, wherein this Court held that a use is presumed to be permissive if it began as such. While it may be true that, as to the person given permission by the landowner to use the landowner’s property, permission does not have to be re-granted, that is not the case here. DeRudder’s grant of permission was to Englert only; DeRudder never granted permission to the Rettigs. The Court’s statement, thus, implies that Englerts permissive use was transferred to the Rettigs, contradictory to our later holding in Luoma.
The record establishes that the Rettigs proved all of the elements of a prescriptive easement. In fact, the Court’s opinion concedes that “Rettigs’ use of the silage pit road was open, notorious, exclusive, continuous and uninterrupted ... with DeRudder’s knowledge ... for some eleven years.” What is not proven, however, is that DeRudder ever defeated the Rettigs’ claim of prescription by showing that he had granted them permissive use of the road over his property. While the Kallevigs may have proved permissive use as between DeRudder and Englert, that permissive use, as a matter of law, did not transfer to the Rettigs, and the Kallevigs wholly failed in their burden to show any permissive use as between the Rettigs and DeRudder. Accordingly, I would hold that the District Court erred in finding that the Rettigs did not have a prescriptive easement over the road on the Kallevigs’ property.
I would reverse.
JUSTICE GRAY concurs in the foregoing dissent.