No. 86-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
ALLAIRE W. FITZMORRIS,

        Petitioner and Respondent,

  and

JAMES P. FITZMORRIS,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gregory O. Morgan argued, Bozeman, Montana

    For Respondent:

        Richard J. Andriolo argued, Bozeman, Montana

---

        Submitted:  September 10, 1987

        Decided:  November 5, 1987

Filed:  NOV 5 - 1987

_____
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This case involves a marriage dissolution. The issue on appeal is the distribution of the marital estate.

The District Court of the Eighteenth Judicial District ordered the division of the parties' assets in its final decree dated June 24, 1986. The wife, Allaire W. Fitzmorris, received property valued at $5,875,695.60. The majority of her share came from stock acquired before the marriage which was excluded from the marital estate. The husband, James P. Fitzmorris, received property valued at $321,756.60. The majority of his share consisted of assets from the marital estate. We affirm.

James presents three issues for review:

(1) Did the lower court err by failing to grant a mistrial?

(2) Is the lower court's division inequitable?

(3) To what extent may the lower court rely on the source of marital assets to determine their distribution? We will consider each issue separately.

ISSUE I: James requested a mistrial because Allaire attempted to testify on James' marital misconduct. The alleged misconduct concerned James' motivation for supporting the purchase of the parties' Belgrade ranch. According to Allaire, James encouraged the purchase to convert her stock to jointly held real property. James objected to the testimony, and the trial court sustained the objection. There is nothing in the record to indicate that the trial court considered the testimony in deciding the division. However, James contends that the mention of marital misconduct, like the mention of defendant's liability insurance in a tort claim, should be grounds for a mistrial.

2

We faced a similar contention in In re the Marriage of Vance (1983), 204 Mont. 267, 664 P.2d 907. In Vance we stated that the District Court did not abuse its discretion because it specifically refused to consider any allegations of marital misconduct. Vance, 664 P.2d at 912. In this case, the trial court refused to hear the testimony, and struck the testimony from the record. We find that the lower court refused to consider the alleged misconduct, and Vance controls. Thus, the lower court correctly denied James' mistrial motion.

ISSUE 2: James contends that the division is inequitable on its face. He also contends that the division is inequitable because it (1) omits a debt on his office building, (2) excludes from the marital estate Allaire's stock while including his stock, and (3) fails to recognize the irrevocable nature of gifts received during the marriage.

We recently clarified the standard for reviewing a district court's division of marital property in In re the Marriage of Hall (Mont. 1987), 740 P.2d 684, 686, 44 St.Rep 1321, 1323:

> We have concluded that in a property distribution review in marriage dissolution, this Court will reverse a district court only upon a showing that the district court has acted arbitrarily or has committed a clear abuse of discretion, resulting in either instance in substantial injustice.

In support of the contention that the District Court abused its discretion by ordering a division that is inequitable on its face, James cites In re the Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361. In Brown, the District Court erred by failing to fairly value appellant's contribution to the parties' major asset, the family ranch. During the parties' fourteen years of marriage in Brown, the

3

ranch had appreciated 350 percent. The appreciation was the result of both parties' efforts, and the District Court's decision to give the appealing spouse only a small percent of the ranch's value was clearly inequitable. Brown, 587 P.2d at 365.

The facts of this case distinguish it from Brown. Here, nearly all the assets included in the marital estate originated from stock Allaire brought to the marriage. The District Court found that these assets lost value as a result of the business ventures of both parties. When "none of the value of the property is a product of contribution from the marital effort, the District Court can justifiably find that the non-acquiring spouse has no interest in the property." In re the Marriage of Herron (1980), 186 Mont. 396, 404, 608 P.2d 97, 101. Clearly, none of the value of the property allocated to Allaire resulted from the efforts of James, and the District Court's decision is not inequitable on its face as a result of Brown.

James also contends that the division is inequitable on its face because Montana law favors equal division of assets. This is a misstatement of the law. Equity, not equality, should guide the District Court's discretion in dividing the marital estate. Snell v. Snell (Mont. 1983), 668 P.2d 238, 40 St.Rep 1359, 1361.

James challenges the District Court's valuation of the office building he received as part of his share of the marital assets. According to James, the omission of the building's debt constitutes a mistake in the District Court's findings, and results in an inequity. It appears from the record that only $33,000 worth of stock secured an improvement loan on the building at the time of the District Court's valuation. We find no evidence that $53,000 in stock secured the debt as James contends. Thus, the District Court

4

may have overvalued the building by failing to deduct the $33,000 debt. But the District Court concluded that James should receive the building and its debt to house his business. Therefore, a mistake on the exact value of the building was "unnecessary to support the District Court's decision, and is harmless." In re the Marriage of Anderson (Mont. 1986), 717 P.2d 11, 14, 43 St.Rep. 541, 544.

The parties held the major assets of the marriage in joint tenancy. Allaire's stock financed the purchase of these assets. James contends that the conversion of Allaire's stock to joint tenancy property constitutes an irrevocable gift to him. On the basis of the irrevocable nature of the gifted property, according to James, the District Court should have divided the property equally.

Even before the passage of the Uniform Marriage and Divorce Act, Montana recognized the rule that title does not control the distribution of marital assets. See Morse v. Morse (1977), 174 Mont. 541, 545, 571 P.2d 1147, 1149. Presently, § 40-4-202, MCA, embodies the same rule by mandating that the court divide assets equitably "whether the title thereto is in the name of the husband or wife or both." Thus, the lower court properly refused to base its decision on the fact that the parties held the property as joint tenants.

ISSUE 3: James argues that the District Court relied on source alone to determine that Allaire should receive the bulk of the marital estate. He also contends that the District Court ignored his contribution to the property's maintenance, and that the lower court treated the marriage like a business relationship in arriving at its distribution scheme.

First, the source of the parties' assets was not the sole criteria for the lower court's division. If it were,

James would not have received the over $200,000 in Pioneer stock gifted to him by Allaire and her grandmother.

Second, § 40-4-202, MCA, requires the court to consider the contributions of the parties in dividing the property. The lower court in this case found that Allaire contributed far more to the parties' accumulation of assets than James. Under these circumstances, the lower court did not abuse its discretion by awarding most of the assets to Allaire. Herron, 608 P.2d at 101.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

6