No. 88-59

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
JEFFREY J. SMITH,

        Petitioner and Respondent,

and

KATHLEEN FOLEY SMITH,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Sol & Wolfe; Michael Sol, Missoula, Montana

For Respondent:

Thomas W. Trigg, Missoula, Montana

---

Submitted on Briefs: June 2, 1988

Decided: July 14, 1988

Filed: JUL 14 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

This appeal arises from a judgment of the District Court, Fourth Judicial District, County of Missoula, awarding joint custody of the two children with primary residential custody to the father. Mother appeals. We affirm. The issue on appeal is whether the District Court abused its discretion in awarding resident custody to the father by:

1. Improperly making extensive findings of fact not based on substantial, credible evidence.

2. Improperly weighing the evidence and testimony.

3. Failing to make any findings regarding the best interests of the daughter of the parties.

4. Awarding joint custody, but giving superior custody rights to the father's girlfriend over the children's natural mother.

The marriage of the appellant (mother) and respondent (father) was dissolved by order dated October 7, 1987, which was amended November 5, 1987. There were two children born of the marriage, Nate, age 9 and Julie, age 5. The parties have resolved the property issues to their satisfaction and primarily differ on the issue of custody of Nate and Julie.

Father is currently employed as a staff writer at a large hospital. He resides in Missoula with a companion.

Mother is a full-time student at the University of Montana. She is not currently employed. Throughout the marriage she contributed financially to the family income through her pottery craft.

An informal custody arrangement required that each parent get physical custody of the children every other week with some reasonable visitation by the other parent during

the week. Mother has often taken care of the children during father's week while he was at work.

The order of the District Court awarded joint custody of both children with father serving as primary residential parent. Mother was granted custody of the children two to three weekends per month, Thanksgiving, Easter and part of Christmas vacations, and summers. Each parent is allowed liberal visitation when custody resides with the other parent. From this order the mother appeals.

Mother attacks several of the District Court's 89 findings of fact. She essentially argues that too many of the findings are uncomfortably similar to father's proposed findings of fact and are not supported by substantial credible evidence on the record. Much of her complaint is that her contributions to the children's welfare and growth were ignored.

To begin, this Court has recognized that even verbatim adoption of a party's proposed findings of fact is not grounds for reversal if they are supported by substantial credible evidence. In re Marriage of Sessions (Mont. 1988), 753 P.2d 1306, 1307, 45 St.Rep. 744, 746; In re Marriage of Watson (Mont. 1987), 739 P.2d 951, 954, 44 St.Rep. 1167, 1170. Our task, then, is to examine the record to see if it contains evidence that supports the findings. There are 26 contested findings but we need not address each one individually. We will, however, take this opportunity to address a few of the contested findings.

Finding no. 29 is contested because it mentions a playwright who was a frequent houseguest of the father's and who is reported to have read to the children. Mother claims there is no evidence that the guest reads to the children, and upon a thorough review of the record we find she is correct. This, however, is harmless error because the

finding is not necessary to support the District Court's decision. See In re Marriage of Anderson (Mont. 1986), 717 P.2d 11, 14, 43 St.Rep. 541, 544. Mother also contests finding no. 14 which states that father took the children to church. The testimony of father plainly states, "I've taken them to church." This Court has thoroughly examined each contested finding of fact and the record and have found nearly all to be supported by substantial credible evidence. While there are some findings in error, they are harmless, not grounds for reversal, and need not be discussed.

Next mother challenges the weight the court gave to the testimony of father's witnesses. As a result, she argues, the court's findings and conclusions paint an overly glowing portrait of father's parenting skills. This Court may not substitute its judgment for that of the trial court. We must review the evidence in the light most favorable to father. The court acknowledged that each parent had told tales of less than virtuous behavior committed by the other parent. It chose to place more credibility in father's witnesses and weighed their testimony accordingly. This is fully within its power. In re Marriage of Speer (1982), 201 Mont. 418, 422, 654 P.2d 1001, 1003. The court did not abuse its discretion in this regard.

Next, mother argues that the court failed to make any findings regarding the best interests of the daughter Julie and overemphasized the interests of Nate to Julie's detriment. She argues that the court erred in holding that the best interests of the children required them to stay together and in ignoring the special bond between mother and daughter. We do not agree. The record is replete with testimony about Julie and her place in her father's life and household. The findings of the court, while more concerned with Nate (who is a gifted child and has special educational

needs), discuss Julie in a manner consistent with evidence on the record. Conclusion no. 13 recognizes the bond between Nate and Julie.

> 13. Nate and Julie have a close bond. Given the hostility between Father and Mother, these two children need all of the stability and familiarity they can receive. It would not be in their best interest to split the children between the parents. (i.e. Nate with Father and Julie with Mother) because of the danger of the children identifying with the parent with whom they live at the expense of alienation from the other parent. The bond between the children, as they live in the separate homes of their Father and Mother, will remain of great value in the coming years.

There was no error with regard to this issue.

Mother lastly contends that the District Court's conclusion no. 19 confers superior custody rights to father's household companion over her. The conclusion states:

> 19. Mother should be allowed liberal visitation when the children are in Father's custody. Father shall make an active effort to allow the children to visit their Mother, if she is available, rather than place the children in day care or [with] other non-family members. (Emphasis added.)

After filing of the judgment, the District Court in court minutes dated January 7, 1988 ruled that the phrase "non-family members" does not include the father's companion. We do not see how this provision hinges mother's visitation rights upon the companion's availability. It plainly states that if mother is available she must be allowed liberal visitation. The last clause explains that this is in preference to sending the children to day care or to friends. It does not limit the right of the mother to visit with her children. There is no mention of the companion's availability with regard to visitation and her availability

- 5 -

does not affect the mother's visitation right.  We hold that there was no error in the court's judgment.

Affirmed.

_William E. Hunt Sr._
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_Fred J. Weber_

_R. C. McDonough_
Justices