No. 89-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
LINDA WINSTON McFARLAND,

        Petitioner and Appellant,

and

WILLIS LEE McFARLAND,

        Respondent and Respondent.


APPEAL FROM:  District Court of the Ninth Judicial District,
              In and for the County of Pondera,
              The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Ralph T. Randono, Great Falls, Montana

      For Respondent:

          Richard L. Beatty; Anderson, Beatty & Buyske, Shelby,
          Montana


Submitted on Briefs:  Oct. 13, 1989

Decided:  December 8, 1989

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Linda McFarland, petitioner and appellant, appeals from the property division and award of child support mandated in the judgment entered by the District Court of the Ninth Judicial District, Pondera County. We affirm in part and reverse and remand in part for a modification of child support and equitable division of stock consistent with this Opinion.

The issues raised on appeal are:

1. Whether the District Court properly excluded husband's share of McFarland and Sons stock as a marital asset.

2. Whether the District Court properly divided West Star stock between the parties.

3. Whether the District Court properly ruled that husband had complied with the full disclosure of his financial situation.

4. Whether the District Court properly assessed child support amounts in accordance with the Uniform District Court Guidelines on Child Support.

Linda and Willis McFarland were married on April 21, 1979. Two children were born of the marriage, ages six and eight. Willis adopted Linda's daughter from a former marriage, age seventeen. Prior to the marriage, Linda was working as a registered nurse. Also prior to the marriage, Willis was gifted 12½ percent of stock on his parents' family farm. The farm was incorporated under the name of McFarland and Sons with the parents retaining 51 percent of the stock and gifting 12½ percent to each of four sons. Until 1986 when the corporation was restructured, McFarland and Sons

provided Willis with a furnished house, food, utilities, vehicles, gasoline, insurance, and paid him a salary of $700 per month. Linda also worked for McFarland and Sons and was paid accordingly.

The parties separated in March of 1986. At about the same time, McFarland and Sons restructured the corporation. As a consequence of the restructuring, Willis formed a corporation under the name of West Star Farm, Incorporated. Willis owned 100 percent of the stock of West Star and he and his accountant comprised the board of directors. West Star borrowed in excess of $115,000 to finance the newly organized corporation. With the loan, West Star purchased machinery, summer fallow, the farm home that he and Linda lived in, and approximately twenty acres of land from McFarland and Sons. Also, West Star rented a portion of land from McFarland and Sons under a cash payment which, at the time of the hearing, was in excess of $54,000 per year to be negotiated yearly.

Since West Star's incorporation, Willis is no longer an employee of McFarland and Sons. West Star now provides Willis housing, groceries, utilities, vehicles, gasoline, insurance, various other living expenses, and pays him a salary of $400 per month. The net effect of Willis's salary and benefits is approximately $17,280 per year.

Linda is working as a surgical nurse with an income of $21,000 to $22,000 per year. She resides, with the three children, in a rented home.

A dissolution hearing was held on July 5, 1988. The District Court entered its findings of fact and conclusions of law on September 2, 1988, and its judgment on September 14, 1988. During the hearing, Willis submitted the balance sheets of McFarland and Sons which reflected his financial situation with the corporation. Linda objected to the

- 3 -

balance sheets as insufficient and argued a lack of full disclosure because financial statements were not produced.

The District Court ordered that Willis pay child support in the amount of $400 per month total for the three children and that Linda was entitled to claim the children as tax deductions. It also found that the McFarland and Sons stock would not be included in the marital estate since Linda did not contribute to the facilitation or maintenance of the stock during the marriage. The court ordered that Linda receive $2,500 as her share of stockholder equity in West Star and that Willis retain the West Star stock. Stockholder equity in West Star was valued at $31,600, subject to yearly fluctuations.

The first issue raised on appeal is whether the District Court properly excluded husband's share of McFarland and Sons stock from the marital estate.

In the mid-70's, Willis acquired 12½ percent stock in McFarland and Sons, as did his three brothers, by virtue of a gift from his parents. While Willis's parents gifted each son 12½ percent stock, only two sons, including Willis, worked the farm and were compensated for their services. Willis's parents retained controlling stock in the corporation.

During the parties' marriage, Linda worked for McFarland and Sons and was duly compensated. Linda brought no assets into the marriage. She argues that Willis's interest in McFarland and Sons should have been included in the marital estate and that the District Court erred in not including it. We disagree.

Under § 40-4-202(1)(b), MCA, the District Court shall consider the contributions of the non-acquiring spouse and the extent that the contributions facilitated the maintenance of the property. Under In re the Marriage of Herron (1980),

- 4 -

186 Mont. 396, 404, 608 P.2d 97, 101, we stated that the District Court must consider all property, including that received by gift, but that:

> If none of the value of the property is a product of contribution from the marital effort, the District Court can justifiably find that the non-acquiring spouse has no interest in the property.

Here, the District Court specifically found that the value of the stock decreased during the last few years of the marriage and that Linda did nothing to contribute to the facilitation or maintenance of the stock during the marriage. In fact, Linda was monetarily compensated for any work performed for McFarland and Sons. Where a spouse does not contribute, the District Court may exclude the asset from the marital estate. See In re the Marriage of Luisi (Mont. 1988), 756 P.2d 456, 458, 45 St.Rep. 1023, 1025. The District Court exercised proper discretion in excluding the stock from the marital estate.

The second issue raised on appeal is whether the District Court properly divided West Star stock between Linda and Willis.

Here, the District Court awarded Linda $2,500 as her share of stockholder equity in West Star and ordered that Willis retain the stock. Stockholder equity was valued at approximately $31,600, subject to yearly fluctuations. Linda argues that the division is inequitable. We agree.

The standard of review to be applied in a distribution case is that where the District Court based its distribution of marital assets on substantial credible evidence, it will not be overturned absent a clear abuse of discretion. In re the Marriage of Johns (Mont. 1989), 776 P.2d 839, 840, 46 St.Rep. 1249, 1251. See also In re the Marriage of Stewart (Mont. 1988), 757 P.2d 765, 767, 45 St.Rep. 850, 852; In re

- 5 -

the Marriage of Watson (Mont. 1987), 739 P.2d 951, 954, 44 St.Rep. 1167, 1170. We will reverse the District Court upon a showing of abuse of discretion. Johns, 776 P.2d at 840.

In this case, Willis incorporated West Star Farm at approximately the same time the parties separated. West Star accumulated approximately $31,600 in equity. The court in its findings stated that Linda did contribute to West Star and that her nonmonetary contributions as a homemaker did facilitate the maintenance and operation of the corporation. Thus, Linda was entitled under § 40-4-202(1)(b), MCA, to a share of the corporate equity. In light of the above facts, the District Court did abuse its discretion in awarding Linda a mere $2,500. We reverse on this issue and remand to the District Court for an equitable distribution of the stock as valued at the time of the District Court's decree to be consistent with this Opinion.

The third issue raised on appeal is whether the District Court properly ruled that Willis had complied with the full disclosure of his financial situation.

In Fautsch v. Fautsch (1975), 166 Mont. 98, 102-103, 530 P.2d 1172, 1175, we stated that the parties must completely disclose money and assets accumulated during the marriage. In the present case, Linda claims that Willis failed to disclose financial information regarding McFarland and Sons stock because he did not provide her with the books of the corporation. The record, however, indicates that Willis did provide her with the balance sheets of the corporation.

The District Court relied on the balance sheets to determine McFarland and Sons stock value. We hold that the balance sheets provided sufficient financial information regarding McFarland and Sons stock.

The last issue raised on appeal is whether the District Court properly based child support amounts in accordance with the Uniform District Court Guidelines on Child Support.

The court ordered that Willis pay Linda $400 per month child support for their three minor children. Linda argues that the court abused its discretion in setting the amount because the guideline amount she offered established that an amount of $263 a month per child or a total of $789 a month. Willis did not submit a guideline form.

An award of child support is governed by § 40-4-204, MCA, which presently provides in pertinent part and applies to this modification as:

. . .

(b) the financial resources of the custodial parent;

(3)(a) Whenever a court issues or modifies an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support guidelines adopted by the department of social and rehabilitation services pursuant to 40-5-209, unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case.

(b) If the court does not apply these standards and guidelines to determine child support, it shall state its reasons for finding that the application of such standards and guidelines is unjust to the child or a party or is inappropriate in that particular case. (Emphasis added.)

The District Court will be reversed on appeal only where there has been a "clear abuse of discretion resulting in substantial injustice." In re the Marriage of Hoffmaster (Mont. 1989), 780 P.2d 177, 46 St.Rep. 1531. See also In re

- 7 -

the Marriage of Alt (1985), 218 Mont. 327, 333, 708 P.2d 258, 261.

As the court stated in its findings, Willis's living arrangement gave him a monthly imputed income of $1,040 plus a monthly salary of $400 for a total yearly annualized income of $17,280. In the court's conclusions of law it notes, "This amount [$400] is reasonable as determined according to the Supreme Court Child Support Guidelines." The amount of child support awarded, when taking Willis's annualized income into consideration, results in substantial injustice.

Affirmed in part and reversed and remanded for a modification of child support and equitable division of stock consistent with this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 8 -