No. 89-536

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF

JEFFREY J. SMITH,

    Petitioner and Respondent,

    and

KATHLEEN FOLEY,

    Respondent and Appellant.

**FILED**

APR 26 1990

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
                 In and For the County of Missoula,
                 The Honorable Douglas G. Harkin, presiding.

COUNSEL OF RECORD:

       For Appellant:

          Michael Sol, Sol & Wolfe, Missoula, Montana

       For Respondent:

          Thomas W. Trigg, Missoula, Montana

Submitted on Briefs:   March 1, 1990

Decided:   April 26, 1990

Filed:

                         Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The mother, Kathleen Foley, appeals the memorandum and order of the District Court, Fourth Judicial District, County of Missoula, which denied her additional visitation rights. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in refusing to modify its prior rulings to allow the mother to have visitation with the children when the father was not at his home and only the father's present wife was there.

This matter has been before this Court in In re Marriage of Smith, 232 Mont. 527, 757 P.2d 784, (1988), where the mother, as the appellant, asked this Court to find that the District Court abused its discretion by awarding superior visitation rights to the father. The order of the District Court awarded the parents joint custody of both children with the father serving as primary residential parent. Mother was granted custody of the children two or three weekends per month, Thanksgiving, Easter, summers, and part of Christmas vacations. The mother was to have liberal visitation when the children were in the father's custody and the father was unavailable. The mother was granted this visitation time rather than placing the children in the care of "non-family members." The mother asked the District Court for a clarification of the term "non-family members" and the court stated that the father's then girlfriend, Shaun Gant, was a family member.

We affirmed the ruling of the District Court and held that

there was no error in the court's judgment. Specifically, we held that the District Court's conclusion Number 19 did not confer superior visitation rights to Shaun Gant. Smith, 757 P.2d at 786.

Subsequent to our opinion, the father married Shaun Gant. Now, when the children are staying at his residence and he is at work, his wife is present. It is during this period of time when the father is at work and the children are being cared for by his wife that the mother seeks to have additional visitation of the children.

The mother recently petitioned the District Court for further clarification of visitation. A hearing was held and the court made an order which reads as follows:

> In order to make it perfectly clear what was intended by the original Order, Respondent's [mother] visitation shall be that visitation set out in Conclusions of Law 17 (first, third and fifth weekends of each month), Conclusions of Law 18 [summer visitation], Conclusions of Law 21 (holidays), and those periods of time when all four of the following conditions exist at the same time:
>
> 1. Father is not home,
> 2. Father's wife is not home,
> 3. Mother is available, and
> 4. It is reasonable under the circumstances.

The effect of this order was to deny the mother a modification of the existing visitation rights. It is from this order that the mother appeals.

We have examined the record and find that the District Court did not abuse its discretion in refusing to modify visitation. "The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the

child." Section 40-4-217, MCA. The District Court has examined the children and heard the testimony of the parties. There is no evidence to support the contention that any modification would be in the best interest of the children. Further, the District Court's current order, which did not amend the original conclusion number 19, <u>does</u> <u>not</u> confer superior visitation rights to the father's wife. The children are in the custody of their father during the subject time periods. The mother retains liberal visitation rights during this time. The mother was never granted "visitation" other than those periods of time described above. The father has allowed the mother visitation rights as provided in the order and has not denied her any privileges or visitation rights with the children that were not reasonable under all of the circumstances.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4

IN THE SUPREME COURT FOR THE STATE OF MONTANA

----------------------

No. 89-536

----------------------

IN RE THE MARRIAGE OF )
)
JEFFREY J. SMITH, )
)       O R D E R
    Petitioner & Respondent, )
)
    v. )
)
KATHLEEN FOLEY, )
)
    Respondent & Respondent. )

----------------------

On April 26, 1990, this Court issued it's most recent decision in the case of In Re the Marriage of Smith and Foley, __ P.2d __, 47 St.Rep. 814 (Mont. 1990), denying appellant, Kathleen Foley's request for a review of the district court's decision clarifying the original visitation decree. In our decision, we held the most recent clarification order of the District Court to be in keeping with its prior clarification order, which was also reviewed by this Court on appeal and affirmed in In Re the Marriage of Smith and Foley, 232 Mont. 527, 757 P.2d 784 (1988). Appellant Foley requests a rehearing of the most recent appeal.

Appellant properly points out that this Court was incorrect when it made the following two statements: "a hearing was held," and that the District Court "examined the children and heard the testimony of the parties".

The first statement, "a hearing was held," is incorrect and shall be stricken from the Opinion. Because a hearing is not required, the error has no effect on this Court's ultimate decision.

The second statement, "examined the children and heard the testimony of the parties" refers to, and was based upon, the

1

testimony and evidence associated with that decree. The statement in the opinion is correct and will remain as part of the Opinion.

WHEREFORE, IT IS ORDERED THAT:

1. The following phrase shall be stricken from the original Opinion at page 3, line 11: "A hearing was held . . ."

2. Appellant's petition for rehearing is DENIED.

3. The Clerk of this Court shall mail a true and correct copy of this Order to all counsel of record.

DATED this 30th day of May, 1990.

_____
Chief Justice

_____

_____

_____

_____
Justices

2