JUSTICE TRIEWEILER
concurring in part and dissenting in part.
*54 I concur with those parts of the majority opinion which reverse the District Court’s distribution of appellant’s retirements benefits, and which affirm the District Court’s exclusion of certain assets from the marital estate.
I dissent from that portion of the majority opinion which includes any portion of appellant’s baseball card collection acquired prior to the marriage as a marital asset.
The majority correctly points out that the disposition of property acquired prior to marriage is controlled by § 40-4-202(1), MCA. However, conspicuously absent from the majority opinion are any of our recent decisions which have applied that statute.
Our previous decisions would exclude the appreciated value of Michael’s pre-marriage baseball cards, without some showing that Carol contributed to their appreciation. In Re Marriage of Herron, 186 Mont. 396, 608 P.2d 97 (1980); Becker v. Becker, 218 Mont. 229, 707 P.2d 526 (1985); In Re Marriage of Sirucek, 219 Mont. 334, 712 P.2d 769 (1985); In Re Marriage of Fitzmorris, 229 Mont. 96, 745 P.2d 353 (1987); In Re Marriage of McFarland, 240 Mont. 209, 783 P.2d 409 (1989).
For example, in Herron the District Court also divided marital property on a 50/50 basis, even though the majority of the property had been given to Mrs. Herron by her father. The Supreme Court found, however, that gifted property, like pre-acquired property, is governed by § 40-4-202(1), MCA, and based upon that statute concluded:
“If none of the value of the property is a product of contribution from the marital effort, [sic] the District Court can justifiably find that the non-acquiring spouse has no interest in the property.
“... Both parties here should share equally in the portion of the value of the gift property attributable to contribution from the marriage and appreciation during marriage. The Herrons should not, however, share equally in the total value of the property since the marital assets came to the marriage principally as gifts for Mrs. Herron’s benefit.”
Herron, 186 Mont. at 404-05, 608 P.2d 97.
Here, the majority justified giving half of the appreciated value of Michael’s baseball cards to Carol because “Carol contributed to the maintenance and growth of the collection.” The majority also relies on the following facts:
“Evidence shows that she encouraged Michael to collect the cards, *55 participated in the collection by buying foods associated with particular cards, and, on at least one occasion, protected the cards from a flood while Michael was away from home. Testimony also indicated that Michael’s card purchases strained the family budget at times, with the family sacrificing other items in order to build the collection.”
All of these observations missed the point. None of these efforts on Carol’s part had anything to do with the value of those cards which were acquired by Michael prior to his marriage. All of those efforts relate directly to those cards which were acquired by Michael after his marriage. The appellant agrees that those cards acquired after his marriage to Carol should be included as a marital asset and divided equally between the parties.
Even those cards which were saved from a flood by Carol were cards which were acquired after the marriage. Any appreciation that occurred to pre-marriage baseball cards occurred simply by the passage of time and increased national interest in old baseball cards. It had nothing to do with any contribution by Carol.
The District Court’s decision to include all of the baseball cards as a marital asset was primarily based upon the difficulty of determining which cards were in the estate before the marriage and which ones were not.
There was testimony from Michael, including corroboration from his records, which would have enabled the District Court to make that determination. However, presuming the District Court was dissatisfied with the conclusiveness of that testimony, and understanding that District Judges do not have the time to personally review a collection of 100,000 baseball cards, it would have been preferable to appoint a master or referee for that purpose, rather than divide the collection inequitably.
For these reasons, I dissent from that portion of the majority opinion which includes all but $5000 worth of appellant’s baseball card collection as a marital asset. I would exclude all of those cards which the evidence established were acquired by appellant prior to his marriage.