JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s disposition of Issue II concerning health insurance, and Issue III concerning attorney fees.
I dissent from the majority’s opinion regarding Issue I. I would reverse the District Court’s judgment which awarded real property owned by the estate of Reinhold Isaak to Lynn and conclude that there was no basis for awarding any real estate to Lynn under the facts of this case.
The majority concludes that although there was no inter vivos transfer of the property which was awarded to Lynn, Dale inherited the property at the time of his father’s death, even though the property was still part of his father’s estate at the time the dissolution judgment was entered. Assuming that part of the majority opinion was correct, there was still no basis for awarding to Lynn any real property inherited by Dale.
Section 40-4-202(1), MCA, sets forth the factors which must be considered by the District Court before inherited property can be distributed to the noninheriting spouse. That section provides in relevant part that:
In dividing property ... acquired by gift, bequest, devise, or descent... the court shall consider those contributions of the other spouse to the marriage, including:
(a) the nonmonetary contribution of a homemaker;
*186 (b) the extent to which such contributions have facilitated the maintenance of this property; and
(c) whether or not the property division serves as an alternative to maintenance arrangements.
In the case of In re Marriage of Herron (1980), 186 Mont. 396, 608 P.2d 97, the district court divided marital property on a fifty-fifty basis, even though the majority of the property had either been given or devised to Mrs. Herron by her father. However, this Court found that gifted or devised property was governed by the section previously quoted, and based upon that statute, concluded:
If none of the value of the property is a product of contribution from the marital effort, the district court can justifiably find that the non-acquiring spouse has no interest in the property.
... Both parties here should share equally in the portion of the value of the gift property attributable to contribution from the marriage and appreciation during marriage. The Herrons should not, however, share equally in the total value of the property since the marital assets came to the marriage principally as gifts for Mrs. Herron’s benefit.
Herron, 608 P.2d at 101-02.
In accord are In re Marriage of Barnard (1990), 241 Mont. 147, 785 P.2d 1387; In re Marriage of McFarland (1989), 240 Mont. 209, 783 P.2d 409; In re Marriage of Fitzmorris (1987), 229 Mont. 96, 745 P.2d 353; In re Marriage of Becker (1985), 218 Mont. 229, 707 P.2d 526.
In this case, the parties separated in November 1989, several months before Reinhold Isaak died. Whether or not they made occasional efforts to reconcile following Reinhold’s death, but before the dissolution decree was entered, there is no evidence that during that time any substantial contribution was made by the parties to the value or maintenance of the property. In fact, although not discussed by the majority, the District Court specifically found the following facts to be true:
There is no evidence in the record that would indicate to this court that either party in any way contributed to or maintained any of the inherited estate.
Except as herein modified, this court is of the view that the marital estate does not include the estate that Dale has inherited from Reinhold Isaak. Not only did the inheritance occur after the *187 parties had separated, but the parties had clearly done nothing to improve, maintain, or build that estate.
Neither can distribution of this property be considered an alternative to maintenance arrangements since Dale was already ordered to pay $500 a month to Lynn for her maintenance.
Since Dale had not inherited the property during the time that the parties lived together, there could have been no contributions to the value or maintenance of the property during the parties’ marriage. Therefore, there was no basis, pursuant to our previous decisions interpreting § 40-4-202(1), MCA, for distributing any part of the real estate inheritance to Lynn.
For these reasons, I dissent from the opinion of the majority. I would reverse that part of the District Court judgment which awarded property from Reinhold Isaak’s estate to Lynn, and otherwise, affirm the District Court.