FILED

May 5 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0418

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 152N

IN RE THE MARRIAGE OF
RODNEY PIERCE MARKEGARD,

Petitioner and Appellee,

and

RAECHELLE M. MARKEGARD,

Respondent and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 07-1184
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jock B. West, West Law Firm, P.C., Billings, Montana

For Appellee:

Mark D. Parker; Shawn P. Cosgrove; Parker, Heitz &
Cosgrove, PLLC, Billings, Montana

Submitted on Briefs:  April 22, 2009

Decided:  May 5, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Raechelle M. Markegard (Raechelle) appeals from the final decree of dissolution of marriage of the Thirteenth Judicial District Court, Yellowstone County, awarding the residence at 4600 Van Steeland Drive to Rodney Pierce Markegard (Rodney) in its distribution of the marital estate. We affirm.

¶3 Raechelle and Rodney married on June 10, 2007 and petitioned for dissolution upon separating November 20, 2007. Prior to their short marriage, the couple bought a house on 4600 Van Steeland Drive in Billings, as joint tenants with right of survivorship, on December 8, 2006. Apparently the couple agreed to sell their existing homes and apply the proceeds to the Van Steeland house. Rodney sold his home for $285,000, paid $260,000 towards the Van Steeland house, and took out a loan in his name alone for about $100,000. Raechelle did not contribute any money to purchasing the Van Steeland house and was not a signatory to the loan on the property. Rodney made all payments on the Van Steeland house. Raechelle took her house off the market after unsuccessful efforts to sell it, however after separation she sold her house and kept the approximately

$60,000 net equity for herself. Prior to the marriage Rodney also gave Raechelle a total of about $37,808, consisting of the following: payments on her house and truck, improvements to her house, and cash.

¶4    The only issue on appeal is the disposition of the Markegards' Van Steeland house. Raechelle argues that since the house was owned prior to the marriage by both as joint tenants with right of survivorship, the District Court had no legal right to distribute this pre-marriage asset in the dissolution proceedings. Rodney argues that the District Court's findings were not clearly erroneous and that the court followed the law in distributing the house as part of the marital estate.

¶5    The division of property upon dissolution of a marriage is addressed in § 40-4-202(1), MCA, which provides in relevant part:

> In a proceeding for dissolution of a marriage . . . the court, without regard to marital misconduct, shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, *however and whenever acquired and whether the title thereto is in the name of the husband or wife or both*.

(emphasis added).

¶6    Title does not control the distribution of marital assets. This Court's decisions since adoption of the Uniform Marriage and Divorce Act on January 1, 1976,

> have uniformly held that the manner in which title is held does not control the disposition of preacquired, gifted, or inherited property, or the proceeds from such property. See *In re Marriage of Fitzmorris* (1987), 229 Mont. 96, 745 P.2d 353; *In re Marriage of Snyder* (1986), 220 Mont. 262, 714 P.2d 556; *Morse v. Morse* (1977), 174 Mont. 541, 571 P.2d 1147.

*In re Marriage of Engen*, 1998 MT 153, ¶ 27, 289 Mont. 299, 961 P.2d 738.

¶7     In *In re Marriage of Fitzmorris*, the Court, addressing facts similar to those presented here, succinctly resolved the issue:

> Even before the passage of the Uniform Marriage and Divorce Act, Montana recognized the rule that title does not control the distribution of marital assets. See *Morse v. Morse* (1977), 174 Mont. 541, 545, 571 P.2d 1147, 1149. Presently, § 40-4-202, MCA, embodies the same rule by mandating that the court divide assets equitably "whether the title thereto is in the name of the husband or wife or both." Thus, the lower court properly refused to base its decision on the fact that the parties held the property as joint tenants.

229 Mont. 96, 99, 745 P.2d 353, 355 (1987). "[T]he proper factors for the court to consider in its distribution of that couple's assets were the source of the assets and the parties' contributions to those assets during the marriage." *Marriage of Engen*, ¶ 33.

¶8     The District Court had authority to equitably distribute the Van Steeland house between the parties, regardless of how it was titled. The District Court appears to have distributed the house according to the parties' contributions to its purchase. We conclude that the District Court's findings of fact and conclusions of law were not clearly erroneous.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶10    Affirmed.

/S/ MIKE McGRATH

4

We concur:


/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE