FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 25-0035

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 25-0035

_____

CHRISTOPHER HARRIS,

      Petitioner,

    v.

MONTANA EIGHTEENTH JUDICIAL
DISTRICT COURT, GALLATIN COUNTY,
HONORABLE BRENDA GILBERT, Presiding,

      Respondent.

ORDER

FILED

JAN 2 2 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

_____

Self-represented Petitioner Christopher Harris (Christopher) has filed a Petition for Writ of Supervisory Control over the Eighteenth Judicial District Court, Gallatin County, and the Honorable Brenda Gilbert. This matter concerns a dissolution of marriage, dating back to 2019 in the District Court, and at issue is the contempt action concerning the lack of compliance with the division of property as ordered by the court as well as a failure to disclose a life insurance policy.

This Court is familiar with this matter's earlier history. In August 2022, through counsel, Christopher appealed the July 1, 2022 Decree issued in the District Court. *In re the Marriage of Harris*, 2023 MT 149N, 413 Mont. 530, 533 P.3d 340. This Court affirmed the District Court and its equitable apportionment of the marital estate as well as concluding that the findings of fact were not clearly erroneous and the conclusions of law were correct. *Marriage of Harris*, ¶ 8.

In his instant Petition, Christopher points out that he is a Montana attorney who is a member of the bar but no longer practices due to a debilitating stroke in July 2023. Christopher contends that the District Court is proceeding under a mistake of law, causing a gross injustice. M. R. App. P. 14(3). He raises two issues in his writ, questioning whether the court erred by: (1) "refusing to grant an evidentiary hearing which would have

demonstrated the admission of forged documents by Jacinta Harris ('Jacinta'), the Petitioner in the underlying dissolution action; and (2) imposing criminal sanctions on [] Christopher [] under the guise of civil contempt, in violation of his constitutional due process rights[.]"

Christopher explains that, after remittitur issued, he moved the District Court on December 23, 2023, to compel compliance with the final Decree and states that Jacinta renewed her prior contempt motion on different allegations. The court held a hearing in May 2024. On June 26, 2024, the District Court issued an eighteen-page Order finding Christopher had committed two acts of indirect—outside the court's presence—civil contempt related to the Decree. The court determined that Christopher failed to cooperate with Jacinta in her efforts to refinance the mortgage on the marital home and that he failed to disclose a life insurance policy in his name with Symetra, an insurance company based in Seattle, Washington. The court, citing to Montana case law, stated that "parties must completely disclose money and assets accumulated during the marriage." *In re Marriage of McFarland*, 240 Mont. 209, 213, 783 P.2d 409, 411 (1989). The court directed Christopher in how to proceed with the transfer of ownership of the policy "if such a policy is discovered to exist[.]" The court addressed the problematic remedy for Jacinta's requested relief, given the changing interest rates, requested damages, and delays with the underlying proceedings. The court awarded Jacinta attorney's fees and costs.

Christopher notes that he considered an appeal, pursuant to M. R. App. P. 6(3)(j). Instead and through limited scope counsel, he sought a hearing in the District Court, arguing that he was deprived of his due process safeguards when the court imposed a monetary mortgage obligation payment and an award of attorney's fees. He put forth that he learned more information from Symetra after the May 2024 hearing. In his briefing, Christopher contended that the contempt was criminal and not civil, alleging fraudulent documents from Symetra because the life insurance policy at issue expired in July 2019. The two letters are dated September 14, 2020, and December 14, 2020. In his reply brief, he provided a letter where Symetra states the letters did not originate with them. He contends that error occurred when the court did not address the alleged fraudulent

2

documents and by holding him in contempt for failure to disclose an alleged asset that did not exist.

Looking at the court's November 26, 2024 Order, the court denied the motion to set a criminal contempt hearing because the acts were civil, indirect contempt and because the court "disagree[d] with [Christopher's] efforts to characterize these obligations as criminal contempt sanctions . . . ." The court disagreed with Christopher's efforts to protract the matter and sought to reach some finality.

"Supervisory control is an extraordinary remedy, reserved for extraordinary circumstances." *Stokes v. Mont. Thirteenth Judicial District Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754. While this Court has supervisory control over all other courts, pursuant to the Montana Constitution, this Court recognizes that supervisory control is appropriate on a case-by-case basis. *Stokes*, ¶ 5. A petitioner must demonstrate a case with purely legal questions and urgent or emergency factors making the normal appeal process inadequate, along with one of the three listed criteria under our rules. M. R. App. P. 14(3).

The District Court has not violated Christopher's due process safeguards. He received notice of the hearing, was advised of the allegations, had an opportunity to defend against or explain, had representation of counsel, and had the chance to testify. *In re the Marriage of Prescott*, 259 Mont. 293, 297, 856 P.2d 229, 232 (1993) (citations omitted). The District Court held a hearing in May 2024; Christopher appeared with a limited scope attorney, and Christopher testified. Christopher received all the process he was due at that hearing. Christopher maintains that the life insurance policy lapsed in July 2019. At the hearing in May 2024, Christopher failed to present evidence the policy lapsed before the November 2019 filing of the petition for dissolution. As such, based on the evidence presented, the District Court's determination that Christopher was in contempt for failing to disclose it was appropriate. *See Marriage of Harris*, ¶ 4, fn.3. His arguments about a criminal contempt proceeding lack merit as the court's "sanction imposed seeks to force the contemnor's compliance with a court order." Section 3-1-501(3), MCA. Here, the court sought to enforce its earlier Decree concerning the refinancing of the marital home

3

and his financial disclosure obligation. Sections 40-4-253(4), and -253(5), MCA.

This Court concludes that supervisory control is not warranted here. The District Court is not proceeding under a mistake of law, and urgent factors do not exist. It is not readily apparent from the filed documents whether the District Court has issued an Order awarding attorney's fees and costs to Jacinta, following the requested briefing in the June 26, 2024 Order. Christopher may have the remedy of appealing that final judgment. M. R. App. P. 4(5)(a)(i) and 4(6); § 3-1-523(2), MCA. Therefore,

IT IS ORDERED that Christopher's Petition for Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable Brenda Gilbert, District Court Judge; Sandy Erhardt, Clerk of District Court, under Cause No. DR-19-421C; counsel of record; and Christopher Harris personally.

DATED this 22nd day of January, 2025.

_____
Chief Justice

_____

_____

_____

_____
Justices

4